(i)  The reconstituted limited liability company shall continue until the occurrence of a Dissolution Event as provided in this Section 12.1(a);

(ii)  Unless otherwise agreed to by a majority of the Members, the Certificate and this Agreement shall automatically constitute the Certificate and Agreement of such new Company. All of the assets and liabilities of the dissolved Company shall be deemed to have been automatically assigned, assumed, conveyed and transferred to the new Company. No bond, collateral, assumption or release of any Member's or the Company's liabilities shall be required; provided that the right of the Members to select successor managers and to reconstitute and continue the Business shall not exist and may not be exercised unless the Company has received an opinion of counsel that the exercise of the right would not result in the loss of limited liability of any Member and neither the Company nor the reconstituted limited liability company would cease to be treated as a partnership for federal income tax purposes upon the exercise of such right to continue.

12.2  Winding Up.    Upon the occurrence of (i) a Dissolution Event or (ii) the determination by a court of competent jurisdiction that the Company has dissolved prior to the occurrence of a Dissolution Event (unless the Company is reconstituted pursuant to Section 12.1(b) hereof), the Company shall continue solely for the purposes of winding up its affairs in an orderly manner, liquidating its assets, and satisfying the claims of its creditors and Members, and no Member shall take any action that is inconsistent with, or not necessary to or appropriate for, the winding up of the Company's business and affairs, provided that all covenants contained in this Agreement and obligations provided for in this Agreement shall continue to be fully binding upon the Members until such time as the Property has been distributed pursuant to this Section 12.2 and the Certificate has been canceled pursuant to the Act. The Liquidator shall be responsible for overseeing the winding up and dissolution of the Company, which winding up and dissolution shall be completed within ninety (90) days of the occurrence of the Dissolution Event and within ninety (90) days after the last day on which the Company may be reconstituted pursuant to Section 12.1(b) hereof. The Liquidator shall take full account of the Company's liabilities and Property and shall cause the Property or the proceeds from the sale thereof (as determined pursuant to Section 12.9 hereof), to the extent sufficient therefor, to be applied and distributed, to the maximum extent permitted by law, in the following order:

(a)  First, to creditors (including Members and Managers who are creditors, to the extent otherwise permitted by law) in satisfaction of all of the Company's Debts and other liabilities (whether by payment or the making of reasonable provision for payment thereof), other than liabilities for which reasonable provision for payment has been made and liabilities for distribution to members under Section 18-601 or 18-604 of the Act;

(b)  Second, except as provided in this Agreement, to members and former Members of the Company in satisfaction of liabilities for distribution under Sections 18-601 or 18-604 of the Act; and

(c)  The balance, if any, to the Members in accordance with the positive balance in their Capital Accounts, after giving effect to all contributions, distributions and allocations for all periods.

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

No Member or Manager shall receive additional compensation for any services performed pursuant to this Section 12.

12.3 Compliance with Certain Requirements of Regulations; Deficit Capital Accounts. In the event the Company is "liquidated" within the meaning of Regulations Section 1.704-1(b)(2)(ii)(g), (a) distributions shall be made pursuant to this Section 12 to the Members who have positive Capital Accounts in compliance with Regulations Section 1.704-1(b)(2)(ii)(b)(2). If any Member has a deficit balance in his Capital Account (after giving effect to all contributions, distributions and allocations for all Allocation Years, including the Allocation Year during which such liquidation occurs), such Member shall have no obligation to make any contribution to the capital of the Company with respect to such deficit, and such deficit shall not be considered a debt owed to the Company or to any other Person for any purpose whatsoever. In the discretion of the Liquidator, a pro rata portion of the distributions that would otherwise be made to the Members pursuant to this Section 12 may be:

(a) Distributed to a trust established for the benefit of the Members for the purposes of liquidating Company assets, collecting amounts owed to the Company, and paying any contingent or unforeseen liabilities or obligations of the Company. The assets of any such trust shall be distributed to the Members from time to time, in the reasonable discretion of the Liquidator, in the same proportions as the amount distributed to such trust by the Company would otherwise have been distributed to the Members pursuant to Section 12.2 hereof; or

(b) Withheld to provide a reasonable reserve for Company liabilities (contingent or otherwise) and to reflect the unrealized portion of any installment obligations owed to the Company, provided that such withheld amounts shall be distributed to the Members as soon as practicable.

12.4 Deemed Distribution and Re-Contribution. Notwithstanding any other provision of this Section 12, in the event the Company is liquidated within the meaning of Regulations Section 1.704-1(b)(2)(ii)(g) but no Dissolution Event has occurred, the Property shall not be liquidated, the Company's Debts and other liabilities shall not be paid or discharged, and the Company's affairs shall not be wound up. Instead, solely for federal income tax purposes, the Company shall be deemed to have distributed the Property in-kind to the Members, who shall be deemed to have taken subject to all Debts of the Company and other liabilities all in accordance with their respective Capital Accounts. Immediately thereafter, the Members shall be deemed to have recontributed the Property in-kind to the Company, which shall be deemed to have taken subject to all such liabilities.

12.5 Rights of Members. Except as otherwise provided in this Agreement, each Member shall look solely to the Property of the Company for the return of its Capital Contribution and has no right or power to demand or receive Property other than cash from the Company. If the assets of the Company remaining after payment or discharge of the debts or liabilities of the Company are insufficient to return such Capital Contribution, the Members shall have no recourse against the Company or any other Member or Manager.

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

12.6 Notice of Dissolution/Termination. (a)  In the event a Dissolution Event occurs or an event occurs that would, but for provisions of Section 12.1, result in a dissolution of the Company, the Management Committee shall, within thirty (30) days thereafter, provide written notice thereof to each of the Members and to all other parties with whom the Company regularly conducts business (as determined in the discretion of the Management Committee) and shall publish notice thereof in a newspaper of general circulation in each place in which the Company regularly conducts business (as determined in the discretion of the Management Committee).

(b)  Upon completion of the distribution of the Company's Property as provided in this Section 12, the Company shall be terminated, and the Liquidator shall cause the filing of the Certificate of Cancellation pursuant to Section 18-203 of the Act and shall take all such other actions as may be necessary to terminate the Company.

12.7 Allocations During Period of Liquidation.  During the period commencing on the first day of the Fiscal Year during which a Dissolution Event occurs and ending on the date on which all of the assets of the Company have been distributed to the Members pursuant to Section 12.2 hereof (the "Liquidation Period"), the Members shall continue to share Profits, Losses, gain, loss and other items of Company income, gain, loss or deduction in the manner provided in Section 3 hereof.

12.8 Character of Liquidating Distributions.  All payments made in liquidation of the interest of a Member in the Company shall be made in exchange for the interest of such Member in Property pursuant to Section 736(b)(1) of the Code, including the interest of such Member in Company goodwill.

12.9 The Liquidator. (a) Definition. The "Liquidator" shall mean a Person appointed by the Management Committee to oversee the liquidation of the Company.

(b) Fees. The Company is authorized to pay a reasonable fee to the Liquidator for its services performed pursuant to this Section 12 and to reimburse the Liquidator for its reasonable costs and expenses incurred in performing those services.

(c) Indemnification. The Company shall indemnify, save harmless, and pay all judgments and claims against such Liquidator or any officers, directors, agents or employees of the Liquidator relating to any liability or damage incurred by reason of any act performed or omitted to be performed by the Liquidator, or any officers, directors, agents or employees of the Liquidator in connection with the liquidation of the Company, including reasonable attorneys' fees incurred by the Liquidator, officer, director, agent or employee in connection with the defense of any action based on any such act or omission, which attorneys' fees may be paid as incurred, except to the extent such liability or damage is caused by the fraud, intentional misconduct of, or a knowing violation of the laws by the Liquidator which was material to the cause of action.

12.10 Form of Liquidating Distributions. For purposes of making distributions required by Section 12.2 hereof, the Liquidator may determine whether to distribute all or any portion of

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

the Property in-kind or to sell all or any portion of the Property and distribute the proceeds therefrom.

## SECTION 13 - POWER OF ATTORNEY

13.1 Managers as Attorneys-In-Fact. Each Member hereby makes, constitutes, and appoints each Manager, severally, and with full power of substitution and resubstitution, its true and lawful attorney-in-fact for it and in its name, place, and stead and for its use and benefit, to sign, execute, certify, acknowledge, swear to, file, publish and record (i) all certificates of formation, amended name or similar certificates, and other certificates and instruments (including counterparts of this Agreement) which the Management Committee may deem necessary to be filed by the Company under the laws of the State of Florida or any other jurisdiction in which the Company is doing or intends to do business; (ii) any and all amendments, restatements or changes to this Agreement and the instruments described in clause (i), as now or hereafter amended, which the Management Committee may deem necessary to effect a change or modification of the Company in accordance with the terms of this Agreement, including, without limitation, amendments, restatements or changes to reflect (A) any amendments adopted by the Members in accordance with the terms of this Agreement, (B) the admission of any substituted Member and (C) the disposition by any Member of its interest in the Company; (iii) all certificates of cancellation and other instruments which the Management Committee deems necessary or appropriate to effect the dissolution and termination of the Company pursuant to the terms of this Agreement and (iv) any other instrument which is now or may hereafter be required by law to be filed on behalf of the Company or is deemed necessary by the Management Committee to carry out fully the provisions of this Agreement in accordance with its terms. Each Member authorizes each such attorney-in-fact to take any further action which such attorney-in-fact shall consider necessary in connection with any of the foregoing, hereby giving each such attorney-in-fact full power and authority to do and perform each and every act or thing whatsoever requisite to be done in connection with the foregoing as fully as such Member might or could do personally, and hereby ratify and confirm all that any such attorney-in-fact shall lawfully do, or cause to be done, by virtue thereof or hereof.

13.2 Nature of Special Power. The power of attorney granted to each Manager pursuant to this Section 13:

      (a) Is a special power of attorney coupled with an interest and is irrevocable;

      (b) May be exercised by any such attorney-in-fact by listing the Members executing any agreement, certificate, instrument, or other document with the single signature of any such attorney-in-fact acting as attorney-in-fact for such Members; and

      (c) Shall survive and not be affected by the subsequent Bankruptcy, insolvency, dissolution, or cessation of existence of a Member and shall survive the delivery of an assignment by a Member of the whole or a portion of its interest in the Company (except that where the assignment is of such Member's entire interest in the Company and the assignee, with the consent of the other Members, is admitted as a substituted Member, the power of attorney shall survive the delivery of such assignment for the sole purpose of enabling any such

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

attorney-in-fact to effect such substitution) and shall extend to such Member's, or assignee's successors and assigns.

## SECTION 14 - MISCELLANEOUS

14.1 Notices. Any notice, payment, demand, or communication required or permitted to be given by any provision of this Agreement shall be in writing and shall be deemed to have been delivered, given, and received for all purposes (i) if delivered personally to the Person or to an officer of the Person to whom the same is directed, or (ii) when the same is actually received, if sent either by registered or certified mail, postage and charges prepaid, or by facsimile, if such facsimile is followed by a hard copy of the facsimile communication sent promptly thereafter by registered or certified mail, postage and charges prepaid, addressed as follows, or to such other address as such Person may from time to time specify by notice to the Members and Managers:

(a) If to the Company, to the address determined pursuant to Section 1.4 hereof;

(b) If to the Managers, to the address of the Company;

(c) If to a Member, to the address set forth in Section 2.1 hereof, and if not so denoted therein, then to the address of the company.

14.2 Binding Effect. Except as otherwise provided in this Agreement, every covenant, term, and provision of this Agreement shall be binding upon and inure to the benefit of the Members and their respective successors, transferees, and assigns.

14.3 Construction. Every covenant, term, and provision of this Agreement shall be construed simply according to its fair meaning and not strictly for or against any Member.

14.4 Time. In computing any period of time pursuant to this Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included, but the time shall begin to run on the next succeeding day. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of the next day which is not a Saturday, Sunday or legal holiday.

14.5 Headings. Section and other headings contained in this Agreement are for reference purposes only and are not intended to describe, interpret, define, or limit the scope, extent, intent of this Agreement or any provision hereof.

14.6 Severability. Except as otherwise provided in the succeeding sentence, every provision of this Agreement is intended to be severable, and, if any term or provision of this Agreement is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity or legality of the remainder of this Agreement. The preceding sentence of this Section 14.6 shall be of no force or effect if the consequence of enforcing the remainder of this Agreement without such illegal or invalid term or provision would be to cause any Member to lose the material benefit of its economic bargain.

14.7 Incorporation by Reference. Every exhibit, schedule, and other appendix attached to this Agreement and referred to herein is not incorporated in this Agreement by reference unless this Agreement expressly otherwise provides.

14.8 Variation of Terms. All terms and any variations thereof shall be deemed to refer to masculine, feminine, or neuter, singular or plural, as the identity of the Person or Persons may require.

14.9 Governing Law. The laws of the State of Florida shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties arising hereunder.

14.10 Waiver of Jury Trial. Each of the Members irrevocably waives to the extent permitted by law, all rights to trial by jury and all rights to immunity by sovereignty or otherwise in any action, proceeding or counterclaim arising out of or relating to this Agreement.

14.11 Counterpart Execution. This Agreement may be executed in any number of counterparts with the same effect as if all of the Members had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

14.12 Specific Performance. Each Member agrees with the other Members that the other Members would be irreparably damaged if any of the provisions of this Agreement are not performed in accordance with their specific terms and that monetary damages would not provide an adequate remedy in such event. Accordingly, it is agreed that, in addition to any other remedy to which the nonbreaching Members may be entitled, at law or in equity, the nonbreaching Members shall be entitled to injunctive relief to prevent breaches of the provisions of this Agreement and specifically to enforce the terms and provisions hereof in any action instituted in any court of the United States or any state thereof having subject matter jurisdiction thereof.

**[SIGNATURES TO FOLLOW ON THE NEXT PAGE]**

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

**IN WITNESS WHEREOF,** the Manager has executed this Operating Agreement of the Company, on behalf of the Company, and on behalf of all Members identified on Exhibit A, attached hereto, as of the day first above set forth.

THE COMPANY:

CHEEKIE INVESTMENTS, LLC

By: _____
Sergio A. Pagliery, Manager

THE MEMBERS:

By: _____
Sergio A. Pagliery, Authorized Signatory
On behalf of all Members

EXHIBIT A

TO

OPERATING AGREEMENT

OF

CHEEKIE INVESTMENTS, LLC.

-----

| Member Names | Original Capital Contribution | Capital Accounts | Percentage Interest |
|---|---|---|---|
| SERGIO A. PAGLIERY, Jr. and JESSICA F. PAGLIERY, as Tenants by the Entireties | $52,525.00 | $52,525.00 | 20% |
| OMNIS B. ACEBO | $50,000.00 | $50,000.00 | 20% |
| NANCY FLATLEY | $50,000.00 | $50,000.00 | 20% |
| CAROLE W. LANGER | $25,000.00 | $25,000.00 | 10% |
| POINT ONE, LLC, a USVI Limited Liability Company | $75,000.00 | $75,000.000 | 30% |

//////LAST ITEM//////

OPERATING AGREEMENT OF CHEEKIE INVESTMENTS, LLC, a Florida limited liability company

# CHEEKIE INVESTMENTS, LLC.
### 8788 S.W. 8 STREET
### MIAMI, FLORIDA 33174

May 14, 2007

Mrs. Omnis B. Acebo
8475 S.W. 2nd Street
Miami, FL 33144

Mrs. Carole Langer
19955 N.E. 38 Court, #402
Aventura, FL 33180

Mr. Sergio A. Pagliery
Mrs. Jessica F. Acebo-Pagliery
8400 S.W. 2nd Street
Miami, FL 33144

Mrs. Nancy Flatley
c/o Ms. Helen Brady
1150 First Avenue, Suite 920
King of Prussia, PA 19406

Mr. Denis Kleinfeld
Point One, LLC.
Grand Galleria, Ste 230
43-36 Norre Gade
Charlotte Amalie, St. Thomas, USVI

Re:    **Major Transaction between Oceania and Apollo Management and Other Major Matters**

Dear Members,

It is with great pleasure that I inform you that at the end of April, 2007, Oceania Cruises completed a major transaction with Apollo Management, whereby Apollo became the majority shareholder of Oceania Cruises. As a result of this transaction Cheekie Investments has received its applicable share of the sale proceeds, which is hereby being allocated and distributed as follows:

| | | | |
|---|---|---|---|
| Proceeds Received: | | | $2,616,498.01 |
| Less: | | | |
| a. | Proposed Litigation Reserve | | $120,000.00 |
| b. | Proposed Managerial Compensation to S.A. Pagliery For 60 months @ $3,000 monthly | | $180,000.00 |
| Available for distribution: | | | $2,316,498.01 |
| Less: | | | |
| a. | Omnis B. Acebo 20% proportionate interest | | $463,299.60 |
| b. | Nancy Flatley 20% proportionate interest | | $463,299.60 |
| c. | Carole Langer 10% proportionate interest | | $231,649.80 |
| d. | Sergio & Jessica Pagliery 20% proportionate interest | | $463,299.60 |
| e. | Point One, LLC. 30% proportionate interest | | $694,949.40 |
| Balance | | | $.01 |



Despite the above, you should be aware that Point One, LLC., on May 10th, 2007, filed a civil action in the Circuit Court of Miami-Dade County, Florida, alleging that the court appoint a receiver to take control of Checkie Investments and its assets. The complaint was served on the Company and Mr. Pagliery on the morning of Friday, May 11th.

It is my understanding that if a court were to appoint a receiver, such receiver together with such receiver's legal counsel would likely then seek compensation directly from the assets of Checkie, and any further distributions to the members could be substantially delayed. The complaint filed by Point One alleges breach of contract on the part of Mr. Sergio A. Pagliery, individually and as Manager of Checkie Investments. We are, therefore, now required to hire legal counsel to represent Checkie Investments and Mr. Sergio A. Pagliery in respect of Point One's complaint, for which we propose to set aside a litigation reserve of $120,000.00. Once the litigation with Point One is resolved, the unused portion of this reserve will, of course, be distributed to the members according to their proportionate interests. You should be aware that in the event a majority of the members do not agree to this proposed litigation reserve, that then there will be a need for periodic capital contributions from all of the members to cover the legal fees and costs necessitated by the Point One litigation.

In respect of the proposed managerial compensation to Mr. Sergio A. Pagliery, the Manager of Checkie, such compensation covers the last sixty (60) months. Of course, now there is significant additional work required in light of the complaint that has been filed by Point One. Should you desire a copy of said complaint please do not hesitate to contact me and we will provide it to you upon request. Should the proposed managerial compensation not meet with the approval of a majority in interest of the members, then such proposed compensation will not be paid and the said funds will be distributed to the members according to their proportionate interests.

Pursuant to your proportionate interest as a member of Checkie Investments, LLC., and in accordance with the above schedule, enclosed is your check representing your respective share of the transaction with Apollo. In light of the complaint filed by Point One, and on the advice of legal counsel, Point One's net proceeds, according to applicable tax law and rules, will be placed into the court registry pending resolution of the litigation commenced by Point One. Once that litigation is finally determined, we will advise you accordingly. Finally, please note that the above denoted balance of one cent ($.01) will remain in Checkie's operating bank account and will be distributed prospectively.

Enclosed herewith you will find a Member's Consent form, which ratifies the allocation and distribution of the proceeds and other actions taken by the Manager. Please denote your approval or disapproval (paragraphs 2, 3, and 4) on the attached Member Consent form by circling the appropriate term, and then return it to me in the enclosed return FedEx envelope, or via fax at 305-228-7675, at your earliest opportunity.

Should we fail to receive your executed Consent form within ten (10) days from the date of this letter then we shall deem your failure to act as a consent of approval to the matters set forth in this letter and the Consent form.

Should you have any questions or require additional information please do not hesitate to contact me. Thank you.

Very truly and sincerely yours,

Sergio A. Pagliery
Manager

cc: Mr. E. Roberts, Esq. – Shook Hardy & Bacon LLLP

RWS/vm (281-50240)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

THE KLEINFELD LAW FIRM, P.A.

CASE NO.: 05-08314 CA 23

    Plaintiff,

vs.

SERGIO A. PAGLIERY, and GRAND PRIX
TITLE SERVICES, LLC,

    Defendants

_____/

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, The Kleinfeld Law Firm, P.A.., and sues the Defendant,
Sergio A. Pagliery, individually, and alleges:

1.    This is an action for damages in excess of $15,000.00, exclusive of costs and
interest, and is within the subject matter jurisdiction of this Court.

2.    Plaintiff, The Kleinfeld Law Firm, P.A., (hereinafter "Law Firm") is a Florida
corporation with its principal place of business in Miami-Dade County, Florida.

3.    Defendant, Sergio A. Pagliery, (hereinafter "Pagliery") is and was at all times
material to this action a resident of Miami-Dade County, Florida, and sui juris.

4.    Defendant, Grand Prix Title Services, LLC, (hereinafter "Grand Prix") was at
all times material to this action a Florida Limited Liability Company.

5.    Venue lies in this county because the claims asserted by Plaintiff arise from
events or omissions occurring in Miami-Dade County, Florida.

6.    At all times material hereto Pagliery was an employee of the Law Firm.

7.    In his capacity as an employee of the Law Firm, Pagliery received instructions
to set up a limited liability company named Grand Prix Title Services, LLC.

# EXHIBIT C



8.      Pagliery filed the documents required to set up Grand Prix; however, Pagliery named himself as manager of Grand Prix and, without consent or authorization, issued all units to himself.

9.      The Law Firm paid the costs of setting up Grand Prix and of operating the same on a day-to-day basis, including the rental of office space and payment of its employees.

10.     Pagliery left the Law Firm's employment on or about January, 2005.

11.     At the time Pagliery left the Law Firm's employ he took, without permission or authorization, client files of the Law Firm, bank accounts, records, and checks pertaining to Grand Prix, and other items that are the property of the Law Firm and/or Grand Prix.

12.     Upon information and belief, Grand Prix had bank accounts with deposits of approximately $140,000.00 at the time Pagliery left the Law Firm.

13.     The Law Firm made demand for the return of all Grand Prix materials and checks, and all other property of the Law Firm and/or Grand Prix, including its client files.

14.     Pagliery has failed to return the Law Firm's property within thirty (30) days.

15.     The Law Firm has retained legal counsel to bring this action and has incurred legal fees.

## COUNT I
### Civil Theft Under F.S. §772.11 and 812.005 et seq.

16.     The Law Firm re-alleges the allegations in paragraphs one through fourteen.

17.     This is an action for statutory damages for civil theft against Pagliery.

18.     Section 812.014(1), Florida Statutes, prohibits any person from knowingly obtaining, using or endeavoring to obtain or use the property of another with intent to deprive the owner of a right to use the property or a benefit therefrom, or to appropriate the property to his own use, or to the use of any person not entitled thereto.

19.    Pagliery wrongfully and knowingly obtained, used, or endeavored to use money and property of the Law Firm for his own use, which actions constitute civil theft as defined by Section 812.014 of the Florida Statutes, for which a remedy is provided in Section 812.034, Florida Statutes.

20.    The Law Firm made a written demand for the return of its property in accordance with Section 772.11, Florida Statutes. Pagliery has failed and refused to return the property as requested.

21.    Pursuant to the Civil Theft Statute, Section 772.11, the Law Firm is entitled to recover treble damages from Pagliery.

22.    The Law Firm has suffered damages as a result of Pagliery's actions and continues to be deprived of its rightful property.

WHEREFORE the Law Firm demands judgment against Pagliery for all of the statutory remedies available under §772.11 and §812.034, Florida Statutes, including compensatory damages, treble damages, interests, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT II
### Conversion

23.    The Law Firm re-alleges the allegations in paragraphs one through fourteen.

24.    This is an action for conversion against Pagliery.

25.    On or about January, 2005, Pagliery removed from the Law Firm's premises and converted to his own use property of the Law Firm, including bank accounts, checks and records of Grand Prix, client files of Plaintiff, and other property belonging to the Law Firm and/or Grand Prix, without the Law Firm's knowledge or authorization, including approximately $140,000.00 funds on deposit.

26.     Pagliery's removal of such property has deprived the Law Firm of its property permanently or for an indefinite period of time.

27.     Pagliery's acts were committed with a conscious disregard of the rights of the Law Firm, and with the wilful and wanton intent to deprive the Law Firm of its property.

28.     The Law Firm has made demand for the return of its property, but Pagliery has failed and refused to do so.

29.     As a result of Pagliery's acts, the Law Firm has suffered damages and suffered the loss of the use and benefit of the monies and property converted by Pagliery.

WHEREFORE the Law Firm demands judgment for damages against Pagliery plus interest, costs, and any other relief the Court deems equitable and just.

COUNT III
Breach of Duty of Loyalty and Good Faith

30.     The Law Firm re-alleges the allegations in paragraphs one through fourteen.

31.     As the Law Firm's employee, Pagliery owed the Law Firm a duty of loyalty and good faith.

32.     Pagliery breached his duties of loyalty and good faith by making himself manager and, without authorization, sole owner of Grand Prix, while all expenses of Grand Prix were paid by the Law Firm.

33.     Pagliery further breached his duties of good faith and loyalty by, without authorization, appropriating funds, records and accounts of Grand Prix, client files belonging to the Law Firm, and other property belonging to either the Law Firm or Grand Prix.

34.     As a result of Pagliery's actions the Law Firm has suffered damages.

WHEREFORE Plaintiff demands judgment for damages against Pagliery plus interest, costs, and any other relief the Court deems equitable and just.

## COUNT IV
### For Restoration of Converted Assets and Appointment of Receiver

35.　The Law Firm re-alleges the allegations in paragraphs one through fourteen.

36.　This is an action to set aside a transfer of corporate assets from Grand Prix and to appoint a receiver for the corporation.

37.　At all times mentioned, Pagliery was the member manager of Grand Prix.

38.　The Law Firm has a claim as a member of Grand Prix.

39.　In January, 2005, following a demand by the Law Firm to issue certificates to the Law Firm evidencing its ownership of Grand Prix, Pagliery made a distribution of $99,700.00 either to himself or to another entity solely controlled by him.

40.　The distribution was a violation of law, the articles of organization and operating agreement of Grand Prix, and a breach of the trust reposed in Pagliery by the Law Firm.

41.　The distribution was made to divest Grand Prix of assets, and to transfer the assets to Pagliery to carry on business under another name, for the purpose of rendering the Law Firm's interest in Grand Prix valueless.

WHEREFORE the Law Firm requests the Court as follows:

a.　That the distribution made by Grand Prix to Pagliery and/or to an entity controlled by him, be set aside.

b.　That a receiver of the property of Grand Prix be appointed.

c.　That Pagliery be directed to turn over to the receiver the property of Grand Prix, or account for its full value, and that the receiver hold this property or its money equivalent to the benefit of Grand Prix and its owners and creditors.

d.　That the Law Firm be awarded reasonable expenses for maintaining this action, including reasonable attorney's fees and costs.

e.   That this Court grant the Law Firm such further and other relief the Court deems equitable and just.

## COUNT V
### Money Lent

Pleading in the alternative, the Law Firm states:

42.   The Law Firm re-alleges the allegations in paragraphs one through seven.

43.   Pagliery filed the documents required to set up Grand Prix and named himself as manager of Grand Prix. Pagliery further issued shares in Grand Prix naming himself as the owner.

44.   Pagliery requested that the Law Firm pay the costs of setting up Grand Prix and of operating the same on a day-to-day basis, including the rental of office space and payment of its employees.

45.   The Law Firm provided all the funds to set up and operate Grand Prix pursuant to Pagliery's request.

46.   Pagliery and Grand Prix promised to repay the Law Firm for the funds advanced, but have failed and refused to do so, despite the Law Firm's demand.

47.   Pagliery and Grand Prix owe Plaintiff sums in excess of this Court's minimum jurisdictional amount together with interest due on the money lent to Pagliery and/or Grand Prix by Plaintiff between August of 2003 and January of 2005.

WHEREFORE the Law Firm demands judgment for damages against Pagliery and Grand Prix plus interest, costs, and any other relief the Court deems equitable and just.

## COUNT VI
### Unjust Enrichment

48.   The Law Firm re-alleges the allegations in paragraphs forty-two through forty-seven.

49.     If Pagliery and Grand Prix are allowed to retain all the funds expended by the Law Firm in the creation and operation of Grand Prix, and the monies on deposit with the bank at the time of the Pagliery's departure from the Plaintiff's firm, Pagliery and Grand Prix will be unjustly enriched at the Law Firm's expense.

WHEREFORE the Law Firm demands that a constructive trust be adjudged in an amount equal to the funds expended by the Law Firm, including funds on deposit, plus interest, and that a Final Judgment be entered requiring Pagliery and Grand Prix to pay such sums plus interest, the costs of this action, and to grant any other relief the Court deems equitable and just.

## COUNT VI
### Injury to Business Relations and Loss of Accounts

50.     The Law Firm re-alleges the allegations in paragraphs one through three, and five through six.

51.     During the period of his employment with the Law Firm Pagliery negligently and/or intentionally recorded his billable time so that the Law Firm's clients were either over-billed or were billed for work which was actually not performed by Pagliery.

52.     Pagliery knew or should have known that the time being charged to the Law Firm's clients was inflated and did so without regard to ethical considerations or possible injury to the Law Firm in its business relations.

53.     As a result of Pagliery's actions, the Law Firm had to adjust the client billings and lost the revenues associated with it.  Additionally, the Law Firm lost business relationships which also caused a loss of income for the firm.

WHEREFORE the Law Firm demands judgment against Pagliery for damages including compensatory damages, interests, costs, attorneys' fees, and any other relief the Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 31st day of May, 2006 to:

Sergio E. Pagliery, Esq., Shook, Hardy & Bacon, LLP, Attorneys for Defendant, Miami Center – Suite 2400, 201 S. Biscayne Boulevard, Miami, Florida 33131

HOMER BONNER
Co-counsel for Plaintiff
The Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida  33131
Tel. (305) 350-5192
Fax.(305) 982-0069
        and
RALPH W. SYMONS, P.A.
Co-counsel for Plaintiff
2575 South Bayshore Drive, Suite 3A
Miami, Florida 33133
Tel. (305) 858-2000
Fax.(305) 858-1667

BY:_____
        RALPH W. SYMONS, ESQ.
        Florida Bar No. 356816

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

    Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

    Defendants.

_____/

☐ INC JUDGE
☐ INC TIME
☐ INC DATE
☐ CAL CANC
☐ PREV SET
☒ CAL FULL
☐ NOT TIMELY
☐ INC MOT TYPE

## RE-NOTICE OF HEARING
### (Motion Calendar)
(Cancels Hearing of June 18, 2007)

PLEASE TAKE NOTICE that the undersigned counsel will call up for hearing before the

Honorable Pedro E. Echarte, one of the Judges of the above-styled Court, at the Miami-Dade

County Courthouse, 73 West Flagler Street, Room 505, Miami, Florida 33130, on Wednesday,

June 27, 2007 at 8:30 a.m., or as soon thereafter as can be heard, the following:

### DEFENDANTS' EMERGENCY MOTION
### FOR RECONSIDERATION OR CLARIFICATION OF AGREED ORDER

PLEASE GOVERN YOURSELF ACCORDINGLY.

In accordance with the Americans With Disabilities Act of 1990, persons needing special
accommodation to participate in this proceeding should contact the Court Administrator at 73 West
Flagler Street, Room 911, Miami, Florida 33131, no later than seven days prior to the proceedings.
Telephone the Court Administrator at (305) 375-5278 for information;  1-800-955-8771 (TDD); or 1-800-
955-8770 (V), via Florida Relay Service.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

537658v1

CASE NO.: 07 13937 CA 13

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. Mail this 15 day of June, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 358-5171
Facsimile:  (305) 358-7470

By:_____
Sergio E. Pagliery
Fla. Bar No.:  931330
Evan Roberts
Fla. Bar No. 157790

- 2 -

537658v1

07 JUN 15  P 3:21

POINT ONE, LLC,

     Plaintiff,

vs.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC

     Defendant.

_____/

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  07-13937 CA 13

☐ INC JUDGE
☐ INC TIME
☐ INC DATE
☐ CAL CANC
☐ PREV SET
☒ CAL FULL
☐ NOT TIMELY
☐ INC MOT TYPE

## RE-NOTICE OF CROSS-NOTICE OF HEARING
## ON POINT ONE'S MOTION FOR CONTEMPT
### (Motion Calendar)

PLEASE TAKE NOTICE that the undersigned will call up for hearing Point One, LLC's

Motion for Contempt, Attorneys' Fees and Costs and Response to Defendants' Emergency

Motion for Reconsideration or Clarification of Agreed Order, before the Honorable Pedro E.

Echarte, Circuit Judge of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida,

in chambers at Room 505, Miami-Dade County Courthouse, 73 West Flagler Street, Miami,

Florida 33130, on Wednesday, June 27, 2007 at 8:30 a.m., when the Court is scheduled to hear

Defendants' Emergency Motion for Reconsideration or Clarification of Agreed Order, or as soon

thereafter as may be heard.

By:_____
         Alan K. Fertel
         Florida Bar No. 435066
         Daniel Foodman
         Fla. Bar No. 0337160

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail on this 15th day of June, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL 33131; Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL 33133 and Evan Roberts, Esq. and Sergio E. Pagliery, Esq., Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL 33131.

FERRELL LAW, P.A.

*Attorneys for Point One, LLC*
201 S. Biscayne Boulevard, 34th Floor
Miami, Florida 33131
Telephone: (305) 371-8585
Facsimile: (305) 371-5732

By: _____
     Alan K. Fertel

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

POINT ONE, LLC,

    Plaintiff,

CASE NO.: 07-13937 CA 13

vs.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC

    Defendant.

_____/



☐ INC JUDGE
☐ INC TIME
☐ INC DATE
☐ CAL CANC
☐ PREV SET
☐ CAL FULL
☐ NOT TIMELY
☐ INC MOT TYPE

## CROSS-NOTICE OF HEARING ON POINT ONE'S MOTION FOR CONTEMPT
### (Motion Calendar)

PLEASE TAKE NOTICE that the undersigned will call up for hearing Point One, LLC's

Motion for Contempt, Attorneys' Fees and Costs and Response to Defendants' Emergency

Motion for Reconsideration or Clarification of Agreed Order, before the Honorable Pedro E.

Echarte, Circuit Judge of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida,

in chambers at Room 505, Miami-Dade County Courthouse, 73 West Flagler Street, Miami,

Florida 33130, on Monday, June 18, 2007 at 8:30 a.m., when the Court is scheduled to hear

Defendants' Emergency Motion for Reconsideration or Clarification of Agreed Order, or as soon

thereafter as may be heard.

By:_____
    Alan K. Fertel
    Florida Bar No. 435066
    Daniel Foodman
    Fla. Bar No. 0337160

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail on this 14th day of June, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL 33131; Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL 33133 and Evan Roberts, Esq. and Sergio E. Pagliery, Esq., Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL 33131.

FERRELL LAW, P.A.

*Attorneys for Point One, LLC*
201 S. Biscayne Boulevard, 34th Floor
Miami, Florida 33131
Telephone: (305) 371-8585
Facsimile: (305) 371-5732

By: _____
        Alan K. Fertel

2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

POINT ONE, LLC                                  CASE NO. 07-13937 CA 13

        Plaintiff,

vs.

CHEEKIE INVESTMENTS, LLC
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

        Defendants.

_____/

## EMERGENCY MOTION FOR APPOINTMENT
## OF RECEIVER AND/OR A NEW MANAGER

Plaintiff, CAROLE LANGER ("Langer"), hereby brings this Emergency Motion for Appointment of Receiver AND/OR a New Manager pursuant to Fla. Stat. §608.4492 to manage, wind up and liquidate the assets of CHEEKIE INVESTMENTS, LLC ("Cheekie"), and in support thereof would say:

1.      POINT ONE, LLC ("Point One"), Langer, SERGIO A. PAGLIERY ("Pagliery"), OMNIS B. ACEDO ("Acedo") and NANCY FLATLEY ("Flatley") established a Florida limited liability corporation (Cheekie), for purposes of making a single purpose investment in OCEANIA CRUISE LINES ("Oceania"). (*See* Pl's Comp). Oceania has now liquidated that investment, so Cheekie has no ongoing business operations or purpose.

2.      Pagliery is currently a Defendant in another action where he was alleged to have committed illegal conduct, including civil theft, conversion, breach of duty of loyalty and good faith, unjust enrichment and tortious interference with contractual or business relationships. *See,* The Kleinfeld Law Firm v. Sergio A. Pagliery, et al., 05-08314 CA 23. A copy of the Second

Amended Complaint in that case is attached as Exhibit A.

3.    In that case, it is alleged that Pagliery named himself sole manager of an entity called GRAND PRIX TITLE SERVICES, LLC ("Grand Prix"). After Pagliery left the Law Firm he took with him, without consent, approximately $140,000.00, client files, and Grand Prix's bank accounts, records and checks pertaining to Grand Prix. (*See* Ex. "A").

4.    Similarly, in this case, both Plaintiffs have alleged that Pagliery appointed himself as the Manager of Cheekie, and wrongly used that position to take control of approximately $1,200,000.00.

5.    In both cases, despite repeated requests, Pagliery has taken control of funds that do not belong to him, and he failed to return the money and property to the rightful owner.

6.    Given his past behavior, Pagliery cannot be trusted with the responsibility to retain or distribute any monies received by Cheekie or to handle the winding down of Cheekie.

7.    Instead, a Receiver should be appointed to retain and oversee the orderly distribution of Cheekie's funds and to oversee the winding down of Cheekie.

8.    Plaintiff is requesting that this Court appoint a Receiver to manage the day-to-day affairs of Cheekie due to Pagliery's history of improper conduct involving breach of his fiduciary duties and alleged conversion of corporate and individual monies.

9.    As shown in the Plaintiff's affidavit, Pagliery improperly appointed himself to be the Manager of Cheekie.

10.    Plaintiff has just become aware that Pagliery has refused to comply with the terms of the <u>Agreed</u> Order dated the 24th day of May, 2007, by failing to pay to Point One (another member) its share of the Oceania distribution and by failing to deposit to the Court Registry the sum of $298,484.82.

2

11.    Since the parties have not signed the Operating Agreement, it is of no force or effect.

12.    Fla. Stat. §608.4492, Fla. Stat. grants the Court the power and authority to appoint a Receiver to wind up and liquidate the affairs of a limited liability company.

13.    Alternatively, Paragraph 5.1 of the Operating Agreement mandates that a Manager may be removed and a new Manager appointed. Since Pagliery has an inherent conflict of interest on the matter, he cannot vote, leaving the remaining members to be deadlocked. Therefore, the Court shall exercise its discretion to appoint a new Manager, to wind up the affairs of Cheekie and distribute its funds.

## MEMORANDUM OF LAW

Florida Court, as courts of equity, have the inherent power to appoint receivers. Bayview Homes v. Sanders, 136 So. 234, (Fla. 1931). The factors a court must consider in ruling on a motion to appoint a receiver are: (1) that the power of appointment is a delicate one; (2) that it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property; (3) that an appointment is not made merely because it can do no harm; (4) that fraud or imminent danger is likely if the immediate possession is not be taken by the court. Apalachicola Northern Railroad v. Sommers, 85 So. 361, 362 (1920), (citations omitted).

In the instant case, Plaintiff is entitled to money wrongfully withheld from her by Pagliery who unilaterally appointed himself manager of Cheekie. When Cheekie received investment monies from Oceania, Pagliery failed to fully pay all members, including Plaintiff, and retained money for his own use and benefit. Mr. Pagliery is also a currently a defendant in another case, where he is accused of converting funds. At present, due to his history, there is

3

imminent danger that Pagliery will abscond with the remaining funds and the shareholders will not be paid. In <u>Edenfeld v. Crisp</u> 186 So.2d 545 (Fla. 2d DCA 1966), minority shareholders requested an appointment of a receiver and alleged that majority shareholders had committed fraud, mismanagement and conversion of money in the operation of a business which was now dormant. The Appellate Court affirmed the appointment of a receiver to take control of the property and assets of the company.

WHEREFORE, for the reasons set forth herein, CAROLE LANGER, requests this Honorable Court appoint a Receiver to wind up and liquidate the affairs of CHEEKIE INVESTMENTS, LLC.

<b><u>CERTIFICATE OF SERVICE</u></b>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 13 day of June, 2007, on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131 and Sergio E. Pagliery, Esq., Shook, Hardy & Bacon LLP, Miami Center, Suite 2400, 201 S. Biscayne Boulevard, Miami, Florida 33131.

**WOLFE & GOLDSTEIN, P.A.**
Counsel for Carole Langer
Bank of America Tower at International Place
100 S.E. Second Street
Suite 3300
Miami, FL 33131
Telephone: (305) 381-7115
Facsimile: (305) 381-7116

By: _____
     RICHARD C. WOLFE
     Florida Bar No. 355607

H:\Langer Carole\v. Cheekie Investments\Pldgs\motion for appointment of receiver.doc

4

RWS/vm (281-50240)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

THE KLEINFELD LAW FIRM, P.A.

CASE NO.: 05-08314 CA 23

Plaintiff,

vs.

SERGIO A. PAGLIERY, and GRAND PRIX
TITLE SERVICES, LLC,

Defendants

_____/

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, The Kleinfeld Law Firm, P.A.., and sues the Defendant,

Sergio A. Pagliery, individually, and alleges:

1.      This is an action for damages in excess of $15,000.00, exclusive of costs and

interest, and is within the subject matter jurisdiction of this Court.

2.      Plaintiff, The Kleinfeld Law Firm, P.A., (hereinafter "Law Firm") is a Florida

corporation with its principal place of business in Miami-Dade County, Florida.

3.      Defendant, Sergio A. Pagliery, (hereinafter "Pagliery") is and was at all times

material to this action a resident of Miami-Dade County, Florida, and sui juris.

4.      Defendant, Grand Prix Title Services, LLC, (hereinafter "Grand Prix") was at

all times material to this action a Florida Limited Liability Company.

5.      Venue lies in this county because the claims asserted by Plaintiff arise from

events or omissions occurring in Miami-Dade County, Florida.

6.      At all times material hereto Pagliery was an employee of the Law Firm.

7.      In his capacity as an employee of the Law Firm, Pagliery received instructions

to set up a limited liability company named Grand Prix Title Services, LLC.

## EXHIBIT A



8.      Pagliery filed the documents required to set up Grand Prix; however, Pagliery named himself as manager of Grand Prix and, without consent or authorization, issued all units to himself.

9.      The Law Firm paid the costs of setting up Grand Prix and of operating the same on a day-to-day basis, including the rental of office space and payment of its employees.

10.     Pagliery left the Law Firm's employment on or about January, 2005.

11.     At the time Pagliery left the Law Firm's employ he took, without permission or authorization, client files of the Law Firm, bank accounts, records, and checks pertaining to Grand Prix, and other items that are the property of the Law Firm and/or Grand Prix.

12.     Upon information and belief, Grand Prix had bank accounts with deposits of approximately $140,000.00 at the time Pagliery left the Law Firm.

13.     The Law Firm made demand for the return of all Grand Prix materials and checks, and all other property of the Law Firm and/or Grand Prix, including its client files.

14.     Pagliery has failed to return the Law Firm's property within thirty (30) days.

15.     The Law Firm has retained legal counsel to bring this action and has incurred legal fees.

## COUNT I
### Civil Theft Under F.S. §772.11 and 812.005 et seq.

16.     The Law Firm re-alleges the allegations in paragraphs one through fourteen.

17.     This is an action for statutory damages for civil theft against Pagliery.

18.     Section 812.014(1), Florida Statutes, prohibits any person from knowingly obtaining, using or endeavoring to obtain or use the property of another with intent to deprive the owner of a right to use the property or a benefit therefrom, or to appropriate the property to his own use, or to the use of any person not entitled thereto.

19.     Pagliery wrongfully and knowingly obtained, used, or endeavored to use money and property of the Law Firm for his own use, which actions constitute civil theft as defined by Section 812.014 of the Florida Statutes, for which a remedy is provided in Section 812.034, Florida Statutes.

20.     The Law Firm made a written demand for the return of its property in accordance with Section 772.11, Florida Statutes. Pagliery has failed and refused to return the property as requested.

21.     Pursuant to the Civil Theft Statute, Section 772.11, the Law Firm is entitled to recover treble damages from Pagliery.

22.     The Law Firm has suffered damages as a result of Pagliery's actions and continues to be deprived of its rightful property.

WHEREFORE the Law Firm demands judgment against Pagliery for all of the statutory remedies available under §772.11 and §812.034, Florida Statutes, including compensatory damages, treble damages, interests, costs, attorneys' fees, and any other relief the Court deems just and proper.

COUNT II
Conversion

23.     The Law Firm re-alleges the allegations in paragraphs one through fourteen.

24.     This is an action for conversion against Pagliery.

25.     On or about January, 2005, Pagliery removed from the Law Firm's premises and converted to his own use property of the Law Firm, including bank accounts, checks and records of Grand Prix, client files of Plaintiff, and other property belonging to the Law Firm and/or Grand Prix, without the Law Firm's knowledge or authorization, including approximately $140,000.00 funds on deposit.

26.     Pagliery's removal of such property has deprived the Law Firm of its property permanently or for an indefinite period of time.

27.     Pagliery's acts were committed with a conscious disregard of the rights of the Law Firm, and with the wilful and wanton intent to deprive the Law Firm of its property.

28.     The Law Firm has made demand for the return of its property, but Pagliery has failed and refused to do so.

29.     As a result of Pagliery's acts, the Law Firm has suffered damages and suffered the loss of the use and benefit of the monies and property converted by Pagliery.

WHEREFORE the Law Firm demands judgment for damages against Pagliery plus interest, costs, and any other relief the Court deems equitable and just.

COUNT III
Breach of Duty of Loyalty and Good Faith

30.     The Law Firm re-alleges the allegations in paragraphs one through fourteen.

31.     As the Law Firm's employee, Pagliery owed the Law Firm a duty of loyalty and good faith.

32.     Pagliery breached his duties of loyalty and good faith by making himself manager and, without authorization, sole owner of Grand Prix, while all expenses of Grand Prix were paid by the Law Firm.

33.     Pagliery further breached his duties of good faith and loyalty by, without authorization, appropriating funds, records and accounts of Grand Prix, client files belonging to the Law Firm, and other property belonging to either the Law Firm or Grand Prix.

34.     As a result of Pagliery's actions the Law Firm has suffered damages.

WHEREFORE Plaintiff demands judgment for damages against Pagliery plus interest, costs, and any other relief the Court deems equitable and just.

## COUNT IV
### For Restoration of Converted Assets and Appointment of Receiver

35.   The Law Firm re-alleges the allegations in paragraphs one through fourteen.

36.   This is an action to set aside a transfer of corporate assets from Grand Prix and to appoint a receiver for the corporation.

37.   At all times mentioned, Pagliery was the member manager of Grand Prix.

38.   The Law Firm has a claim as a member of Grand Prix.

39.   In January, 2005, following a demand by the Law Firm to issue certificates to the Law Firm evidencing its ownership of Grand Prix, Pagliery made a distribution of $99,700.00 either to himself or to another entity solely controlled by him.

40.   The distribution was a violation of law, the articles of organization and operating agreement of Grand Prix, and a breach of the trust reposed in Pagliery by the Law Firm.

41.   The distribution was made to divest Grand Prix of assets, and to transfer the assets to Pagliery to carry on business under another name, for the purpose of rendering the Law Firm's interest in Grand Prix valueless.

WHEREFORE the Law Firm requests the Court as follows:

a.   That the distribution made by Grand Prix to Pagliery and/or to an entity controlled by him, be set aside.

b.   That a receiver of the property of Grand Prix be appointed.

c.   That Pagliery be directed to turn over to the receiver the property of Grand Prix, or account for its full value, and that the receiver hold this property or its money equivalent to the benefit of Grand Prix and its owners and creditors.

d.   That the Law Firm be awarded reasonable expenses for maintaining this action, including reasonable attorney's fees and costs.

e.   That this Court grant the Law Firm such further and other relief the Court deems equitable and just.

## COUNT V
### Money Lent

Pleading in the alternative, the Law Firm states:

42.   The Law Firm re-alleges the allegations in paragraphs one through seven.

43.   Pagliery filed the documents required to set up Grand Prix and named himself as manager of Grand Prix. Pagliery further issued shares in Grand Prix naming himself as the owner.

44.   Pagliery requested that the Law Firm pay the costs of setting up Grand Prix and of operating the same on a day-to-day basis, including the rental of office space and payment of its employees.

45.   The Law Firm provided all the funds to set up and operate Grand Prix pursuant to Pagliery's request.

46.   Pagliery and Grand Prix promised to repay the Law Firm for the funds advanced, but have failed and refused to do so, despite the Law Firm's demand.

47.   Pagliery and Grand Prix owe Plaintiff sums in excess of this Court's minimum jurisdictional amount together with interest due on the money lent to Pagliery and/or Grand Prix by Plaintiff between August of 2003 and January of 2005.

WHEREFORE the Law Firm demands judgment for damages against Pagliery and Grand Prix plus interest, costs, and any other relief the Court deems equitable and just.

## COUNT VI
### Unjust Enrichment

48.   The Law Firm re-alleges the allegations in paragraphs forty-two through forty-seven.

49.    If Pagliery and Grand Prix are allowed to retain all the funds expended by the Law Firm in the creation and operation of Grand Prix, and the monies on deposit with the bank at the time of the Pagliery's departure from the Plaintiff's firm, Pagliery and Grand Prix will be unjustly enriched at the Law Firm's expense.

WHEREFORE the Law Firm demands that a constructive trust be adjudged in an amount equal to the funds expended by the Law Firm, including funds on deposit, plus interest, and that a Final Judgment be entered requiring Pagliery and Grand Prix to pay such sums plus interest, the costs of this action, and to grant any other relief the Court deems equitable and just.

### COUNT VI
#### Injury to Business Relations and Loss of Accounts

50.    The Law Firm re-alleges the allegations in paragraphs one through three, and five through six.

51.    During the period of his employment with the Law Firm Pagliery negligently and/or intentionally recorded his billable time so that the Law Firm's clients were either over-billed or were billed for work which was actually not performed by Pagliery.

52.    Pagliery knew or should have known that the time being charged to the Law Firm's clients was inflated and did so without regard to ethical considerations or possible injury to the Law Firm in its business relations.

53.    As a result of Pagliery's actions, the Law Firm had to adjust the client billings and lost the revenues associated with it. Additionally, the Law Firm lost business relationships which also caused a loss of income for the firm.

WHEREFORE the Law Firm demands judgment against Pagliery for damages including compensatory damages, interests, costs, attorneys' fees, and any other relief the Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 31st day of May, 2006 to:

Sergio E. Pagliery, Esq., Shook, Hardy & Bacon, LLP, Attorneys for Defendant, Miami Center – Suite 2400, 201 S. Biscayne Boulevard, Miami, Florida 33131

HOMER BONNER
Co-counsel for Plaintiff
The Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida  33131
Tel. (305) 350-5192
Fax.(305) 982-0069
and
RALPH W. SYMONS, P.A.
Co-counsel for Plaintiff
2575 South Bayshore Drive, Suite 3A
Miami, Florida 33133
Tel. (305) 858-2000
Fax.(305) 858-1667

BY:_____
     RALPH W. SYMONS, ESQ.
     Florida Bar No. 356816

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

06-8814 CA 23
DIS CA 23

POINT ONE, LLC,

    Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

    Defendants.

_____/

BARBARA RODRIGUEZ

## NOTICE OF HEARING
### (Motion Calendar)

    PLEASE TAKE NOTICE that the undersigned counsel will call up for hearing before the

Honorable Stuart M. Simons, one of the Judges of the above-styled Court, at the Miami-Dade

County Courthouse, 73 West Flagler Street, Room 405, Miami, Florida 33130, on Tuesday, June

26, 2007 at 9:45 a.m., or as soon thereafter as can be heard, the following:

### DEFENDANTS' MOTION TO TRANSFER

    PLEASE GOVERN YOURSELF ACCORDINGLY.

    In accordance with the Americans With Disabilities Act of 1990, persons needing special accommodation to participate in this proceeding should contact the Court Administrator at 73 West Flagler Street, Room 911, Miami, Florida 33131, no later than seven days prior to the proceedings. Telephone the Court Administrator at (305) 375-5278 for information; 1-800-955-8771 (TDD); or 1-800-955-8770 (V), via Florida Relay Service.

LAW OFFICES
SHOOK, HARDY & BACON LLP.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

537058v1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. Mail this 7th day of June, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

By:_____
        Sergio E. Pagliery
        Fla. Bar No.: 931330
        Evan Roberts
        Fla. Bar No. 157790

- 2 -

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

537058v1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

POINT ONE, LLC,

      Plaintiff,

CASE NO.:  07-13937 CA 13

vs.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC

      Defendant.

_____/

### POINT ONE, LLC'S MOTION FOR CONTEMPT, ATTORNEYS' FEES AND COSTS AND RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION OR CLARIFICATION OF AGREED ORDER

      The Plaintiff, POINT ONE, LLC ("Point One"), by and through its undersigned counsel files its Motion for Contempt, Attorneys' Fees and Costs ("Motion for Contempt") and Response to Defendants' Emergency Motion for Reconsideration or Clarification of Agreed Order ("Emergency Motion") and for cause, states as follows:

      1.     On May 24, 2007, the Court heard Point One, LLC's Verified Emergency Motion to Appoint Receiver or in the Lesser Alternative to Place Money Received by Cheekie Investments, LLC, in the Court Registry.

      2.     The Court heard argument from counsel for the parties, and argument from Point One's beneficial owner, Denis A. Kleinfeld ("Kleinfeld").  However, Sergio A. Pagliery ("Pagliery"), the named Defendant and Manager of Cheekie Investments, LLC ("Cheekie"), was conspicuously absent from the hearing.

      3.     Point One presented argument regarding the "full $780,000 to be paid to Point

One." (Hr'g Tr., p. 10.)  Additionally, the Court was informed that Pagliery retained "$180,000

of funds for management fees for a passive investment. . . . [which] the operating agreement did

not call for . . . ." (Hr'g Tr., p. 7.)  Finally, the Court learned that Pagliery "took out $120,000

for legal fees to handle this case" (Hr'g Tr., p. 7.), in order to defend his own bad acts and

breaches. (Hr'g Tr., p. 8.).

     4.      Immediately after the hearing, the parties entered into an **Agreed Order** wherein

the Defendants, Cheekie and Pagliery, agreed to: (1) pay $486,464.58 to Point One by 5:00 p.m.

on May 24, 2007; and (2) deposit the sum of $298,484.82 into the court registry.[1]

     5.      Later that same day, undersigned counsel received a phone call from counsel for

the Defendants stating that a withholding payment was made to the Internal Revenue Service

("IRS") by check in the amount of $208,484.82.

     6.      The next day, Defendants filed an Emergency Motion for Reconsideration or

Clarification of Agreed Order, stating among other things, that they could not comply with the

Agreed Order because Pagliery had withheld taxes for Point One, and that the Court should now

offset the $298,484.82 that the Defendants agreed to deposit into the court registry by the amount

that was improperly withheld for taxes.[2]

     7.      In that regard, Pagliery did not appear at the hearing,[3] however, counsel for the

---

[1] For the Court's convenience, a copy of the Agreed Order is attached as Exhibit "A".

[2] As of the drafting date of this Motion, the Defendants have not complied with the Agreed Order.  In addition, in order to avoid the filing of this Motion and the additional cost of litigation, undersigned counsel contacted counsel for the Defendants by email, requesting that the disputed funds be placed in the court registry.  Further, Point One has attempted to prevent further litigation by requesting that Cheekie instruct Oceania Cruises to assign Point One's interests directly to the parties.  Three emails, dated May 25, 2007, from undersigned counsel, to which opposing counsel did not reply, are attached as Exhibit "B".

[3] While Point One understands that Pagliery was not required to attend the hearing and that he was never subpoenaed, Kleinfeld and Point One's expert witness attended the hearing on behalf of Point One in order to present all the relevant law and facts to the Court.

Defendants were fully aware that "Point One [wa]s entitled to distributions in proportion of 30 percent of its interest . . . ." (Hr'g Tr., p. 11.)

8.      Yet, despite that acknowledgment, counsel for the Defendants pled ignorance as to whether monies were withheld from Point One for taxes.[4]  Thus, when the issue of Pagliery's erroneous withholding was brought to the attention of the Court, without Pagliery present, the Court did not have the opportunity to question Pagliery and order him to deposit the incorrectly withheld funds into the court registry.

9.      As for the withholding, during the hearing, the Court was directed to 26 CFR §1-1.441-1, which provides:

> A withholding agent will not be required to withhold any amount if the payee is a U.S. person or a person that may be treated as the beneficial owner of the payment.

10.     Pagliery, as a tax attorney,[5] was fully aware that Kleinfeld is a U.S. person, and was the beneficial owner of Point One, and as such, was not subject to withholding.

11.     The United States Code provides:

> Any person who --
> (1) Declaration under penalties of perjury
> [w]illfully makes and subscribes any return, statement, or other document which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter. . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

26 U.S.C. §7206. Willfulness has been defined for crimes under the Internal Revenue Code as the "voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429

---

[4] It is noteworthy that Pagliery sent a check to the Department of Treasury dated May 11, 2007, thirteen days before the hearing.

[5] At the hearing, Pagliery's cousin and attorney, Mr. Sergio E. Pagliery, stated on the record that "the manager, my cousin, [] Pagliery [is] a tax lawyer [and] a trust lawyer." (Hr'g Tr., p. 15.).

U.S. 10, 12 (1976).

12.     Here, Pagliery willfully and improperly withheld taxes and filed an erroneous tax return for the purposes of causing harm to Kleinfeld.[6] Pagliery's egregious act amounts to bad faith, deceit, misrepresentation and malice.  Potentially, it is a criminal act.

13.     Quite simply, Pagliery's duty as Cheekie's attorney was to set up Cheekie as a single-purpose limited liability company, solely to invest in Oceania Cruises and to receive and immediately distribute funds from its investment.

14.     Florida Statute Section 608.4225 provides that "each manager and managing member shall owe a duty of loyalty and a duty of care to the limited liability company and all of the members of the limited liability company."  Further, Section 608.4225 limits the duty of care "to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law."  Fla. Stat. § 608.4225(3)(b).  Additionally, it provides that "[e]ach manager and managing member shall discharge the duties to the limited liability company and its members under this chapter or under the articles of organization or operating agreement and exercise any rights consistent with the obligation of good faith and fair dealing."  Fla. Stat. § 608.4225(3)(c).  It is clear that as the Manager of Cheekie, Pagliery duties included maintaining an ongoing duty of care, loyalty and good faith.  Pagliery failed, however, to

---

[6] Pagliery chose to improperly withhold money only with regard to select transactions, which is further evidence of Pagliery's bad faith, misrepresentations and malice.  For example, Pagliery provided Point One with a 2006 Schedule K-1 to report Point One's share of income, deductions, credits, etc.  However, the corresponding check for Point One's 2006 dividend income was dated March 15, 2007.  In other words, Pagliery not only improperly withheld funds, but also failed to distribute the funds to Point One in a timely manner.  A copy of Cheekie's 2006 Schedule K-1 and Point One's dividend income check are attached as Exhibit "C".  Additionally, in December of 2006, the Board of Directors of Oceania Cruises authorized the redemption of Series A Preferred Shares.  Point One received a check for $37,500.00, dated January 25, 2007, in which there was no withholding.  A copy of a letter from Pagliery to Kleinfeld, dated January 27, 2007, and check to Point One for the 2006 redemption are attached as Exhibit "D".

maintain his managerial responsibilities by withholding funds for management fees on a passive investment. Further, the Operating Agreement did not call for management fees. To be sure, Pagliery's intentional misconduct and knowing violations of law, place him below the general standards applicable to LLCs.

15.    Florida Statute Section 608.4226(1) defines a conflict of interest as a "transaction between a limited liability company and one or more of its members, managers, or managing members . . . in which one or more of its members, managers, or managing members . . . are financially interested." Subsection (2) provides the following:

> [a] conflict of interest transaction is authorized, approved, or ratified if it receives the affirmative vote of a majority of the managers or managing members. . . . If a majority of the managers or managing members **who have no such relationship or interest in the transaction** vote to authorize, approve, or ratify the transaction, a quorum is present for the purpose of taking action under this section.

As Cheekie's lawyer, Pagliery knew or should have known that he was improperly withholding management and legal fees and as such, he derived an improper personal benefit, which is a conflict of interest.[7]    Additionally, as Manager, Pagliery had a financial interest in the transactions in question. Therefore, as an interested party, Pagliery involved himself in a conflict of interest and proceeded to decide imperative issues without the authorization, approval or ratification of the non-interested members.

16.    With regard to the $180,000.00 in management fees, as well as the $120,000.00 Pagliery withheld for legal fees, Pagliery did not receive a majority vote with which to remove any of these funds. As an interested party, Pagliery's 20 percent ownership interest is not counted in the vote. Therefore, the breakdown of votes relating to whether Pagliery was

---

[7] Kleinfeld is seeking the immediate distribution of his funds because he is justifiably concerned that Pagliery will abscond with his funds as he has done in the past. *See, The Kleinfeld Law Firm v. Sergio A. Pagliery et. al.*, 05–08314 CA 23.

authorized to retain any of these funds was as follows:

| Cheekie members disapproving of Pagliery's decision to withhold funds for management and attorneys' fees | | Cheekie members approving of Pagliery's decision to withhold funds for management and attorneys' fees | |
|---|---|---|---|
| Owner | Ownership Share | Owner | Ownership Share |
| Point One | 30% | Nancy Flatley | 20% |
| Carol Langer | 10% | Omnis B. Acebo | 20% |
| Total Percentage Vote  Disapproving | 40% | Total Percentage Vote Approving | 40% |

Clearly, a majority did not approve of the funds being removed.

17.    Florida Statute Section 608.4229(2) provides that a manager or member of an LLC may not be indemnified if their actions or omissions to act were material to a cause of action.  One such example is "[a] transaction from which the member, manager, managing member, officer, employee, or agent derived an improper personal benefit."  Fla. Stat. § 608.4229(2)(b).  Pagliery's actions, omissions and willful misconduct were material to this cause of action and therefore, he may not be indemnified or receive limited liability.

18.    Pagliery now seeks to not only improperly withhold management and attorneys' fees; he also seeks a set-off for those funds that he agreed to deposit in the court registry by the amount that was improperly paid to the Department of the Treasury.

19.    In particular, Pagliery claims in his Emergency Motion that he cannot comply with the Court's Order because he paid Point One's funds to the IRS.  Simply put, Pagliery's argument that he paid the IRS with Point One's funds is flawed.  How can he make that assertion when he separately received at least a half-million dollars and when money is fungible?  It is certainly possible that Pagliery used his funds, and not Point One's to pay the IRS.

20.    Pagliery received, at least, $463,299.60, for his proportionate interest in Cheekie,

6

plus he improperly withheld $180,000.00 for alleged management fees. For Pagliery to now suggest that Point One should pay for his willful acts by withholding funds that rightfully belong to Point One is unreasonable, prejudicial, deceitful, and simply unjust.

21.     The Defendants Emergency Motion was filed in bad faith and is nothing more than a delay tactic in order to continue to harm Point One, and in particular, its beneficial owner, Denis Kleinfeld. As a result, Point One is now forced to incur legal fees, costs and expenses in enforcing the Agreed Order.

22.     Accordingly, Point One respectfully requests that the Defendants be held in contempt for violating the Agreed Order, that the Defendants be ordered to pay the $298,484.82 in dispute directly to Point One, that all attorneys' fees incurred for this Motion and related hearing should be borne by the Defendants, and that Defendants' Emergency Motion for Reconsideration be denied.

**WHEREFORE**, Plaintiff POINT ONE, LLC, by and through undersigned counsel respectfully requests that this Honorable Court: (1) enter an Order of Contempt against the Defendants, for their failure to deposit any funds into the court registry: (2) require the Defendants to immediately distribute directly to Point One, LLC $298,484.82, without the need for any money to be placed into the court registry; (3) award Point One, LLC reasonable attorneys' fees, costs and any and all further relief that this Court deems  just and proper as expenses incurred in defending these claims; and (4) deny Defendants' Emergency Motion for Reconsideration.

FERRELL LAW, P.A.
*Attorneys for Point One, LLC*
201 S. Biscayne Boulevard, 34th Floor
Miami, Florida  33131
Telephone:  (305) 371-8585
Facsimile: (305) 371-5732

By: _____
     Alan K. Fertel
     Florida Bar No. 435066
     Daniel Foodman
     Fla. Bar No. 0337160

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail on this 12 day of June, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL  33131; Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL 33133 and Evan Roberts, Esq. and Sergio E. Pagliery, Esq., Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL  33131.

By: _____
     Alan K. Fertel

8

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 07-13937 CA 13

Point One, LLC
                    Plaintiff(s),

vs.

Cheekie Investments, LLC
SERGIO A. PAGLIERY Defendant(s).

Agreed

~~ORDER~~
~~GRANTING/DENYING~~
~~PLAINTIFF'S/DEFENDANT'S~~

THIS CAUSE having come on to be heard on Plaintiff's Motion for
~~on Plaintiff's/Defendant's Motion~~ Appointment of Receiver or in the Lesser Alternative
to Place Money Received by Cheekie in Court Registry
and the Court having heard argument of counsel, and being otherwise advised in the premises, it is
hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

it is hereby agreed by the parties as follows:
(1)$486,464.58 shall be paid to Point One by
5 p.m. today (May 24, 2007);
(2) the sum of $298,484.82 shall be deposited
in the registry of the court.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 24ᵗʰ day of
May _____, 2007.

_____
CIRCUIT COURT JUDGE
Pedro Echarte, Jr.
Circuit Court Judge

Copies furnished to:  Counsel of Record

117.01-554 1/03

# EXHIBIT "B"

**Morales, Dalia**

| | |
|---|---|
| **From:** | Foodman, Daniel |
| **Sent:** | Friday, May 25, 2007 12:32 PM |
| **To:** | eroberts@shb.com |
| **Cc:** | Fertel, Alan |
| **Subject:** | Agreed Order |

Dear Evan:

    We are in receipt of $486,464.58.  However, the remaining $298,484.82 was not placed into the Court Registry by 5:00 p.m. We expect your client to comply with the agreed order and deposit the funds into the court registry by no later than 5:00 p.m. on Tuesday, May 29, 2007.  Otherwise, we will file a contempt motion.

Sincerely,

Daniel Foodman
Ferrell Law
A Professional Association



305-371-8585
305-371-5732 fax
ferrellworldwide.com

201 S. Biscayne Blvd., 34th Floor, Miami Center
Miami, Florida 33131

**PRIVILEGED MATERIAL** Attorney/Client Work Product
The information contained in this message may be confidential and privileged and may be intended only for the use of the individual or entity identified. If you are not the intended recipient, please do not disseminate, distribute or copy. Instead we ask that you please notify us by replying to the email or calling us at 305-371-8585, and please immediately delete this message. Thank you.

6/13/2007

**Morales, Dalia**

| | |
|---|---|
| **From:** | Foodman, Daniel |
| **Sent:** | Friday, May 25, 2007 4:59 PM |
| **To:** | eroberts@shb.com |
| **Cc:** | Fertel, Alan |
| **Subject:** | Mrs. Langer |

Dear Evan:

     As we discussed at the emergency hearing, we are requesting that your client (Cheekie Investments, LLC) deposit Mrs. Langer's funds (her share of the attorney's and management fees) into the court registry.  Please let us know by Tuesday, May 29, 2007 whether your client will be depositing the disputed funds into the court registry.  If you are agreeable, we would like to submit an agreed order to the court.

Sincerely,

Daniel

Daniel Foodman
Ferrell Law
A Professional Association



305-371-8585
305-371-5732 fax
ferrellworldwide.com

201 S. Biscayne Blvd., 34th Floor, Miami Center
Miami, Florida 33131

**PRIVILEGED MATERIAL** Attorney/Client Work Product
The information contained in this message may be confidential and privileged and may be intended only for the use of the individual or entity identified. If you are not the intended recipient, please do not disseminate, distribute or copy. Instead we ask that you please notify us by replying to the email or calling us at 305-371-8585, and please immediately delete this message. Thank you.

**Morales, Dalia**

| | |
|---|---|
| **From:** | Foodman, Daniel |
| **Sent:** | Friday, May 25, 2007 5:00 PM |
| **To:** | eroberts@shb.com |
| **Cc:** | Fertel, Alan |
| **Subject:** | Assignment of Cheekie interest |

Dear Evan:

 Per our conversation, we wanted to follow-up with you regarding our suggestion to assign Point One's and Mrs. Langer's interest in Oceania from Cheekie to the members directly.  Please let us know what you would like to do.  Have a good weekend.

Sincerely,

Daniel

Daniel Foodman
Ferrell Law
A Professional Association



305-371-8585
305-371-5732 fax
ferrellworldwide.com

201 S. Biscayne Blvd., 34th Floor, Miami Center
Miami, Florida 33131

**PRIVILEGED MATERIAL** Attorney/Client Work Product
The information contained in this message may be confidential and privileged and may be intended only for the use of the individual or entity identified. If you are not the intended recipient, please do not disseminate, distribute or copy. Instead we ask that you please notify us by replying to the email or calling us at 305-371-8585, and please immediately delete this message. Thank you.

# EXHIBIT "C"

651106

| Schedule K-1 | **2006** | | Final K-1 | | Amended K-1 | OMB No. 1545-0099 |

**Schedule K-1 (Form 1065)**

Department of the Treasury
Internal Revenue Service

For calendar year 2006, or tax
year beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ See separate instructions.

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| Left column (Parts I & II) | Right column (income items) |
|---|---|

**Part I  Information About the Partnership**

A Partnership's employer identification number
03-0459487

B Partnership's name, address, city, state, and ZIP code

CHEEKIE INVESTMENTS, LLC
8788 SW 8 STREET
MIAMI, FL 33174

C IRS Center where partnership filed return
OGDEN, UT

D ☐ Check if this is a publicly traded partnership (PTP)
E ☐ Tax shelter registration number, if any _____
F ☐ Check if Form 8271 is attached

**Part II  Information About the Partner**

G Partner's identifying number
59-3762899

H Partner's name, address, city, state, and ZIP code

POINT ONE, LLC, A USVI LLC
GR GALLERIA STE 230,43-46 NORRE GADE
CHARLOTTE AMALIE, ST THOMASUSVI 00802

I ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member
J ☐ Domestic partner   ☒ Foreign partner
K What type of entity is this partner?  PARTNERSHIP

L Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 30.0000000% | 30.0000000% |
| Loss | 30.0000000% | 30.0000000% |
| Capital | 30.0000000% | 30.0000000% |

M Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ _____ |
| Qualified nonrecourse financing | $ _____ |
| Recourse | $ 0. |

N Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 78,817. |
| Capital contributed during the year | $ _____ |
| Current year increase (decrease) | $ 5,029. |
| Withdrawals & distributions | $( 4,219.) |
| Ending capital account | $ 79,627. |

☐ Tax basis   ☐ GAAP   ☒ Section 704(b) book
☐ Other (explain)

Right column:

| Box | Description | Amount |
|---|---|---|
| 1 | Ordinary business income (loss) | 0. |
| 2 | Net rental real estate income (loss) | |
| 3 | Other net rental income (loss) | |
| 4 | Guaranteed payments | |
| 5 | Interest income | 33. |
| 6a | Ordinary dividends | 5,626. |
| 6b | Qualified dividends | |
| 7 | Royalties | |
| 8 | Net short-term capital gain (loss) | |
| 9a | Net long-term capital gain (loss) | |
| 9b | Collectibles (28%) gain (loss) | |
| 9c | Unrecaptured sec 1250 gain | |
| 10 | Net section 1231 gain (loss) | |
| 11 | Other income (loss) | |
| 12 | Section 179 deduction | |
| 13 | Other deductions  J* | 630. |
| 14 | Self-employment earnings (loss)  A | 0. |

| Box | Description | Amount |
|---|---|---|
| 15 | Credits | |
| 16 | Foreign transactions | |
| 17 | Alternative min tax (AMT) items | |
| 18 | Tax-exempt income and nondeductible expenses | |
| 19 | Distributions  A | 4,219. |
| 20 | Other information  A | 5,659. |
| | B | 630. |

*See attached statement for additional information.

For IRS Use Only

COPY

JWA  For Privacy Act and Paperwork Reduction Act Notice, see Instructions for Form 1065.

Schedule K-1 (Form 1065) 2006

611261
01-02-07

CHEEKIE INVESTMENT~ ~C
SERGIO PAGLIERY
8400 SW 2ND ST
MIAMI FL 33144-2006

**507**

March 15, 2007   63-215/631
                          Date

Pay to the
order of _____ Point One, LLC _____ | $ 3,340.62

Three Thousand Three Hundred Forty Dollars---62/100 _____ Dollars

SunTrust   ACH RT 061000104
2006 Dividend Income
For _____

⑈063102152⑈ ⑈000079239722⑈ 0507

---

| Form **1042-S** | Foreign Person's U.S. Source Income Subject to Withholding | | **2006** | OMB No. 1545-0096 |
|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service | ☐ AMENDED    ☐ PRO-RATA BASIS REPORTING | | | **Copy B** for Recipient |

| 1 Income code | 2 Gross income | 3 Withholding allowances | 4 Net income | 5 Tax rate | 6 Exemption code | 7 U.S. Federal tax withheld | 8 Amount repaid to recipient |
|---|---|---|---|---|---|---|---|
| 06 | 5,625.6 | 0 | | .3 | | 1,687.68 | |

| 9 Withholding agent's EIN ▶ 03-0459487 | 14 Recipient's U.S. TIN, if any ▶ 59-3762899 |
|---|---|
| ☒ EIN    ☐ QI-EIN | ☐ SSN or ITIN   ☒ EIN   ☐ QI-EIN |

| 10a WITHHOLDING AGENT'S name  CHEEKIE INVESTMENTS, LLC | Check here ☐ if nominee | 15 Recipient's country of residence for tax purposes  U.S. VIRGIN ISLANDS | 16 Country code  VQ |
|---|---|---|---|
| 10b Address (number and street)  8788 SW 8 STREET | | 17 NONQUALIFIED INTERMEDIARY'S (NQI's)/ FLOW-THROUGH ENTITY'S name | 18 Country code |
| 10c Additional address line (room or suite no.) | | | |

| 10d City or town, province or state, and country  MIAMI, FL | 10e ZIP code or foreign postal code  33174 | 19a NQI's/Flow-through entity's address (number and street) |
|---|---|---|
| 11 Recipient's account number (optional) | 12 Recipient code | 19b Additional address line (room or suite no.) |

| 13a RECIPIENT'S name  POINT ONE, LLC, A USVI LLC | 19c City or town, province or state, and country | 19d ZIP code or foreign postal code |
|---|---|---|
| 13b Address (number and street)  GR GALLERIA STE 230, | 20 NQI's/Flow-through entity's TIN, if any ▶ | |
| 13c Additional address line (room or suite no.)  43-46 NORRE GADE | 21 PAYER'S name and TIN (if different from withholding agent's) | |

| 13d City or town, province or state, and country  CHARLOTTE AMALIE, ST THOMAS USVI 00802 | 22 State income tax withheld | 23 Payer's state tax no. | 24 Name of state |
|---|---|---|---|

POSTED

Form **1042-S** (2006)

# EXHIBIT "D"

## *CHEEKIE INVESTMENTS, LLC.*
### 8788 S.W. 8 STREET
### MIAMI, FLORIDA 33174

Via U.S Mail

January 27, 2007

Mr. Denis A. Kleinfeld
Point One LLC
Grand Galleria, Ste 230
43-46 Norre Gade
Charlotte Amalie, St. Thomas
USVI 00802

Re:  Redemption of Oceania Cruises Series A Preferred

Dear Mr. Kleinfeld,

In December 2006, the Board of Directors of Oceania Cruises authorized the redemption of the Series A Preferred Shares, which redemption was effectuated in January 2007. Pursuant to your proportionate interest as a member of Cheekie Investments, LLC., enclosed is your check representing your respective share of Oceania's redemption.

Should you have any questions please do not hesitate to contact me.  Thank you.

Very truly yours,

Sergio A. Paghery
Manager

( ...GE INVESTMENTS LLC
SE..GIO PAGLIERY
8400 SW 2ND ST
MIAMI FL 33144-2006

504

63-216/631

January 25, 2007

Pay to the order of ___ Point One, LLC _____ | $ 37,500.00

Thirty-Seven Thousand Five Hundred Dollars --- 00/100 Dollars

SunTrust  ACH RT 061000104

For __ Redemption

⑆063102152⑆ ⑈00000079239222⑈ 0504



**1First Bank**

*Virgin Islands*

POINT ONE, LLC            2/05/07

CHERKIE
INVSTMTS    37, 500 ---

713-1-001130                     37,500.00

⑆2215714473⑆      POSTED      15

BANK COPY

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

      Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

      Defendants.



---

### DEFENDANTS' MOTION TO DISMISS

Defendants, Cheekie Investments, LLC ("Cheekie") and Sergio A. Pagliery ("Pagliery"), by and through their undersigned counsel and pursuant to Fla.R.Civ.P. 1.140(b), hereby move for the entry of an order dismissing the Complaint filed by Plaintiff, Point One, LLC ("Point One"), and in support hereof states as follows:

1.      Point One is a member of Cheekie.

2.      Pagliery is a member and the manager of Cheekie.

3.      On May 10, 2007, Point One filed a complaint for appointment of a receiver (Count I) and breach of contract (II).

4.      Because Point One cannot state a cause of action against for breach of contract against Cheekie or Pagliery, its cause of action seeking a receivership must necessarily fail.

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536227v1

A.    *Point One Fails to State a Claim for Breach of Contract*

5.      Cheekie's actions are governed by an agreement assented to by its members, known as the "Operating Agreement."

6.      In its breach of contract claim, Point One alleges that Pagliery failed to act in good faith as required under paragraph 5.1 of the Operating Agreement by failing to distribute $2,616,498.01 in funds generated from an investment identified several years ago by Pagliery. Point One attached a copy of the Operating Agreement as Exhibit "A" to its Complaint.

7.      Cheekie, however, received the check for $2,616,498.01 on April 30, 2007. The check cleared on May 10, 2007.

8.      On its face, Count II fails to state a claim because (a) Pagliery could not have made distributions before the check cleared – which was the same day Point One filed the Complaint, and (b) no measure of good faith required Pagliery to distribute funds on the same day a $2.6 million check cleared.

9.      Moreover, paragraph 4.1 of the Operating Agreement establishes the date on which Cheekie was required to make distributions:

> Net Cash Flow, if any, shall be distributed **not later than the thirtieth day after the end of each Fiscal Quarter,** to the Members in proportion to their Percentage Interests.

10.     Pursuant to the Operating Agreement, Cheekie's second fiscal began on April 1, 2007, and ends until June 30, 2007. *See* Operating Agreement ¶ 1.10. Therefore, any funds received during Cheekie's second fiscal quarter must be distributed no later than July 30, 2007. As set forth above, Cheekie received the check on April 30. Therefore, it was not required to distribute the funds until July 30, 2007.

- 2 -

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 ●TELEPHONE (305) 358-5171

536227v1

11.    Exhibits attached to a complaint become part of the pleading, and the plain meaning of the exhibits are controlling over the allegations in the complaint. *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994). Exhibits that contradict a complaint may be the basis of a motion to dismiss. *Hunt Ridge at Tall Pines, Inc. v. Hall*, 766 So. 2d 399, 401 (Fla. 2d DCA 2000). Therefore, because the plain meaning of the Operating Agreement contradicts Point One's allegation that Cheekie and Pagliery breached the agreement by failing to make a distribution by the date the Complaint was filed, Count II must be dismissed.

12.    Because Cheekie complied with the specific terms of the Operating Agreement, Point One cannot maintain a claim based on breach of the duty of good faith. Under Florida law, it is irrelevant whether a party acts in good or bad faith providing that the party is merely exercising its clear contractual right. *See Shuster v. S. Broward Hosp. Dist. Physicians' Prof'l Liab. Ins. Trust*, 570 So. 2d 1362, 1367 (Fla. 4th DCA 1990). Moreover, the duty of good faith "is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998). Thus, the duty of good faith does not exist "in the air; it attaches only to the performance of a specific contractual obligation." *See Ins. Concepts & Design*, 785 So. 2d at 1235 (citing *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1314 (11th Cir. 1998)). The nature of the substantive allegation that must be made is well documented in the law, and is not dependent upon whether the duty is implied or express. Therefore, because Point One cannot identify a

- 3 -

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536227v1

single contractual obligation that has not been performed by Cheekie and Pagliery, Count II must be dismissed.

13.     Point One's suggestion that Pagliery was required to provide it with an accounting simply ignores the terms of the Operating Agreement. Paragraph 8.1(b) of that agreement states that any member has the right to "reasonable access" and inspection of Cheekie's books and accounting records. That Point One never even requested an inspection of Cheekie's books and records, let alone the absence in the Operating Agreement of any right to an accounting, demonstrates that Point One was not entitled to such, and cannot maintain an action for breach of contract on that basis.

B.     *Because Point One's Breach Claim Must Be Dismissed,*
       *Its Receivership Claim Cannot Stand Alone*

14.     "It is well-settled by the authorities that a receivership is merely ancillary to the main cause of action, and not an independent remedy." *County Nat'l Bank of N. Miami Beach v. Stern*, 287 So. 2d 106 (Fla. 3d DCA 1973). *See also Lee v. Lee*, 407 So. 2d 366 (Fla. 5th DCA 1981) (appointment of a receiver is "an ancillary remedy" and "not a matter of right"); *Nat'l P'Ship Inv. Corp. v. Nat'l Housing Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998) (*Erie* doctrine did not apply to appointment of receiver because such is not a substantive right but instead an ancillary remedy that does not affect the ultimate outcome of the action).

15.     Simply put, because the appointment of a receiver is only a remedy, Point One cannot maintain Count I absent its ability to state a cause of action for another legal right.

16.     Because Count II for breach of contract does not state a cause of action, Count I seeking the appointment of a receiver must also be dismissed.

- 4 -

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536227v1

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Counts I and II, and grant all such further relief as this Court deems just and proper.

### Certificate of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail this 31st day of May, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

By:_____
Sergio E. Pagliery
Fla. Bar No.: 931330
Evan Roberts
Fla. Bar No. 157790

- 5 -

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536227v1

**IN THE CIRCUIT COURT OF THE**
**11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**
**CASE NO:** 07-13937 CA 13

Point One, LLC

**Plaintiff(s),**

**vs.**

Cheekie Investments, LLC
SERGIO A. PAGLIERY **Defendant(s).**

_____/

Agreed

~~**ORDER**~~
~~**GRANTING/DENYING**~~
~~**PLAINTIFF'S/DEFENDANT'S**~~
_____

**THIS CAUSE** having come on to be heard on Plaintiff's Motion for ~~on Plaintiff's/Defendant's Motion~~ Appointment of Receiver or in the Lesser Alternative to Place Money Received by Cheekie in Court Registry and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** that said Motion be, and the same is hereby

it is hereby agreed by The parties as follows:
(1) $486,464.58 shall be paid to Point One by 5 p.m. today (May 24, 2007);
(2) the sum of $298,484.82 shall be deposited in the registry of the court.

_____

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this 24ᵗʰ day of May , 2007

_____
**CIRCUIT COURT JUDGE**

Pedro Echarte, Jr.
Circuit Court Judge

Book 25669 Page 4821 Total Pages 1
CFN # 20070556596 Case # 07-013937-CA-01
Rec. Date 06/04/2007  Jaco

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

      Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

      Defendants.

_____/

☐ INC JUDGE
☐ INC TIME
☐ INC DATE
☐ CAL CANC
☒ PREV SET
☐ CAL FULL
☐ NOT TIMELY
☐ INC MOT TYPE

## NOTICE OF HEARING
### (Motion Calendar)

PLEASE TAKE NOTICE that the undersigned counsel will call up for hearing before the

Honorable Pedro E. Echarte, one of the Judges of the above-styled Court, at the Miami-Dade

County Courthouse, 73 West Flagler Street, Room 505, Miami, Florida 33130, on Monday, June

18, 2007 at 8:30 a.m., or as soon thereafter as can be heard, the following:

### DEFENDANTS' EMERGENCY MOTION
### FOR RECONSIDERATION OR CLARIFICATION OF AGREED ORDER

PLEASE GOVERN YOURSELF ACCORDINGLY.

In accordance with the Americans With Disabilities Act of 1990, persons needing special
accommodation to participate in this proceeding should contact the Court Administrator at 73 West
Flagler Street, Room 911, Miami, Florida 33131, no later than seven days prior to the proceedings.
Telephone the Court Administrator at (305) 375-5278 for information;  1-800-955-8771 (TDD); or 1-800-
955-8770 (V), via Florida Relay Service.

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

536330v1

CASE NO.: 07 13937 CA 13

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. Mail this 30ᵗʰ day of May, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34ᵗʰ Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 358-5171
Facsimile:  (305) 358-7470

By:_____
    Sergio E. Pagliery
    Fla. Bar No.:  931330
    Evan Roberts
    Fla. Bar No. 157790

- 2 -

536330v1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

     Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

     Defendants.

_____

## DEFENDANTS' MOTION TO TRANSFER

Defendants, Cheekie Investments, LLC ("Cheekie") and Sergio A. Pagliery ("Pagliery"), by and through their undersigned counsel and pursuant to Revised Administrative Order No. 79-2, move this Court for entry of an Order transferring this action to Judge Sigler, Division 23, and in support hereof states as follows:

1.     Plaintiff filed this action on May 10, 2007 purporting to set forth causes of action for "Receivership" (Count I) and Breach of Contract (Count II).

2.     The Complaint alleges that Plaintiff – a limited liability company controlled by Denis Kleinfeld -- is entitled to the appointment of a receiver over Cheekie because of alleged malfeasance committed by defendant Pagliery. The alleged malfeasance, however, is the subject of another lawsuit in this judicial circuit styled *The Kleinfeld Law Firm v. Sergio A. Pagliery*, Case No. 05-08314 CA 23 (the "KLF Action"). As is evident from the KLF Action's Case

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

536563v1

number, the KLF Action was filed some two years prior to this action. The KLF Action is pending before Judge Sigler in Division 23.

3.      The basis of the KLF Action and the instant case are so similar that the Complaint in this case attaches as an exhibit the Second Amended Complaint from the KLF Action. In fact, the very same allegations that form the basis of the KLF Action also form the basis of this action.

4.      Pursuant to Revised Administrative Order No. 79-2, this action should be transferred to Division 23. Revised Administrative Order No. 79-2 states:

> 4.      Transfer of Cases.
> (c)      Pending cases arising from same or substantially identical transactions, happenings or events; cases calling for determination of the same or substantially identical questions of law; or cases which for other reasons would entail substantial duplication of labor if heard by different Judges, may be reassigned by the Administrative Judge to the section in which the first case is filed.

A copy of Revised Administrative Order No. 79-2 is attached as Exhibit "1."

5.      This case should be transferred to Division 23 because it arises from the same or substantially events, calls for determination of substantially identical questions of law, and would entail substantial duplication of labor as the KLF Action.

6.      Pursuant to Revised Administrative Order No. 79-2, Defendants request that this action be transferred to Division 23, the division in which the KLF Action was filed and remains pending.

WHEREFORE, Defendants respectfully request that this Court enter an order transferring the instant case to Division 23, and grant all such further relief as this Court deems just and proper.

- 2 -

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536563v1

## Certificate of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via

U.S. mail this 4th day of June, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne

Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone:  (305) 358-5171
Facsimile:  (305) 358-7470

By:_____
Sergio E. Pagliery
Fla. Bar No.:  931330
Evan Roberts
Fla. Bar No. 157790

- 3 -

LAW OFFICES
SHOOK, HARDY & BACON L.L.P
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536563v1

THE ELEVENTH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 79-1
(Court Administration)

IN RE: ASSIGNMENT, REASSIGN-
MENT AND TRANSFER OF CASES           ADMINISTRATIVE ORDER
IN THE GENERAL JURISDICTION                NO. NO. 79-2
DIVISION OF THE CIRCUIT COURT

　　　PURSUANT TO the authority vested in me as Chief Judge of the Eleventh
Judicial Circuit of Florida, the following procedures shall be adhered to in the
Assignment, Reassignment and Transfer of Cases in the General Jurisdiction
Division of the Circuit Court.

　　1. Assignment of Cases by the Clerk of the Court.

　　　　(a) All proceedings shall be assigned equally and randomly by the
Clerk among the several sections of this Division, except as oth-
erwise provided by Order of the Chief Judge or by memorandum
from the Administrative Judge of said Division.

　　　　(b) No file or pleading shall indicate the name of a Judge. All assign-
ments will be made by section in accordance with the blind filing
system.

　　　　(c) Emergency cases shall be assigned to a section of the Court
promptly upon the filing of the same, and such assignment of
cases shall be made by the Clerk, or by one of his deputies under
his direction, in a manner which will not disclose or indicate how
the assignment was made.

　　2. Reassignment of Cases. After the initial assignment of cases in the indi-
vidual section by the Clerk by the blind filing system, there shall be no
transfer of cases from one section to another, except as follows:

　　　　(a) When a Judge has recused himself or herself or has been dis-
qualified from hearing a case; or whenever it appears to a Judge
that a case should be transferred for this reason, such case should
be brought to the attention of the Administrative Judge of the
General Jurisdiction Division as hereinafter set forth.

　　　　(b) The assigned Judge shall immediately enter his or her Recusal
Order stating the reason for the recusal, send the file to the
Administrative Judge who shall have this cause reassigned to
another section of the Court in accordance with established pro-
cedure.

　　3. To prevent delays or continuances because of the absence, unavail-
ability or overburdened calendar of any Judge; to promote the efficient
operation of the General Jurisdiction Division as a whole; or, for
any other good cause:

　　　　(a) Any two or more Judges may hear any matters or try any cases for
each other and may hear each others calendars.

　　　　(b) No transfer will be made under this section in lieu of recusal or dis-
qualification, as any transfer for the latter reason must be referred
to the Administrative Judge for reassignment.

　　4. Transfer of Cases.

　　　　(a) When a case has been previously filed and subsequently dis-
missed and the Plaintiff's attorney has knowledge of the prior

12/03

EXHIBIT

case, he shall at the time of filing his original complaint with the Clerk's office, file an additional pleading entitled "Notice of Previous Filing", and set forth in said pleading the style, case number, section and Date of Dismissal of the prior case. The Administrative Office of the Court, upon verification of the previous filing, shall send the case to the Administrative Judge for reassignment and transfer to the section in which the original complaint was filed.

(b) Any party desiring to transfer a case from the assigned section to another section shall file a written motion for transfer stating the reasons of said motion, serve notice on all parties, and set the matter for hearing before the Administrative Judge of the Division.

(c) Pending cases arising from the same or substantially identical transactions, happenings or events; cases calling for determination of the same or substantially identical questions of law; or cases which for other reasons would entail substantial duplication of labor if heard by different Judges, may be reassigned by the Administrative Judge to the section in which the first case is filed.

(d) The Administrative Judge may at any time, on the Court's own motion, transfer or reassign a case to another Section in the interests of justice or to promote the efficient operation of the General Jurisdiction Division as a whole.

5. That Administrative Order No. 79-2 heretofore entered on the 3rd day of January, 1979, shall be and the same is hereby rescinded, and the same to be held for naught.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 12 day of OCTOBER, 1979.

> EDWARD D. COWART, CHIEF JUDGE
> ELEVENTH JUDICIAL CIRCUIT OF FLORIDA

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

POINT ONE, LLC,

     Plaintiff,

vs.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC

     Defendant.

_____/

CASE NO.: 07-13937 CA 13



## NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that undersigned attorneys for Plaintiff hereby notify the Court

of their unavailability on Tuesday, May 29, 2007 through and including Thursday, June 7, 2007, as

they will be traveling outside of the jurisdiction.

     Alan K. Fertel hereby notifies the Court of his unavailability on May 29, 2007 through June

8, 2007, as he will be traveling outside of the jurisdiction and has longstanding vacation plans with

his family outside of the United States.  Please see attached Notice of Unavailability filed March 15,

2007 for case number 05-08314 CA 23 attached hereto as **Exhibit 1**.  Daniel Foodman hereby

notifies the Court of his unavailability on Thursday, May 31, 2007 through and including Thursday,

June 7, 2007 as he has longstanding vacation plans with his family outside of the jurisdiction on

Thursday, May 31, 2007 through and including Monday, June 4, 2007 and has a previous business

travel commitment on Tuesday, June 5, 2007 through and including Thursday, June 7, 2007.

CASE NO.:  07-13937 CA 13

The filing and service of this Notice shall constitute an application and request for continuance, extension of time, and/or for protective order as appropriately required for the above reason.

FERRELL LAW, P.A.
Counsel for *The Kleinfeld Law Firm, P.A.*
201 South Biscayne Blvd., 34th Floor
Miami, FL 33131
Telephone: (305) 371-8585
Facsimile: (305) 371-5732

By: _____
Daniel Foodman
Fla. Bar No. 0337160
Alan K. Fertel
Fla Bar no. 435066

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail on this 29 day of May, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL  33131, Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL  33133 and Evan Roberts, Esquire and Sergio E. Pagliery, Esquire, Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL  33131.

By: _____
Daniel Foodman

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.: 05-08314 CA 23

THE KLEINFELD LAW FIRM, P.A.,

      Plaintiff,

vs.

SERGIO A. PAGLIERY, individually,

      Defendant.              /

THE ORIGINAL
FILED ON:

MAR 15 2007

_____

SERGIO A. PAGLIERY, individually, and
GRAND PRIX TITLE SERVICES, L.L.C.,
a Florida Limited Liability Company,

      Counterclaimants,

v.

THE KLEINFELD LAW FIRM, P.A.

      Counter-Defendant.        /
_____

## NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that the undersigned attorney for Plaintiff hereby notifies the Court of his unavailability on May 29, 2007 through June 8, 2007, as undersigned is unavailable, as he will be traveling outside of the jurisdiction and has longstanding vacation plans with his family outside of the United States.

    The filing and service of this Notice shall constitute an application and request for continuance, extension of time, and/or for protective order as appropriately required for the above reason.



{00214579.DOC;1}

CASE NO.: 05-08314 CA 23

FERRELL LAW, P.A.
Counsel for *The Kleinfeld Law Firm, P.A.*
201 South Biscayne Blvd., 34th Floor
Miami, FL 33131
Telephone: (305) 371-8585
Facsimile: (305) 371-5732

By: _____
        Alan K. Fertel
        Fla. Bar No. 435066

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this _15th_ day of March, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL 33131, Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL 33133 and Evan Roberts, Esquire and Sergio E. Pagliery, Esquire, Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL 33131.

By:_____
        Alan K. Fertel



{00214579.DOC;1}2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

      Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

      Defendants.

_____/



## DEFENDANTS' EMERGENCY MOTION
## FOR RECONSIDERATION OR CLARIFICATION OF AGREED ORDER

Defendants, Cheekie Investments, LLC ("Cheekie") and Sergio A. Pagliery ("Pagliery"),
by and through their undersigned counsel, hereby file this motion for reconsideration or
clarification of the Agreed Order entered on May 24, 2007, and in support hereof state as
follows:

    1.     On May 24, 2007, this Court heard oral argument on Point One, LLC's Verified
Emergency Motion to Appoint Receiver or in the Lesser Alternative to Place Money Received
by Cheekie Investments, LLC, in the Court Registry.

    2.     At the hearing, Plaintiff claimed that Defendants improperly subjected Plaintiff's
income distribution to withholding taxes. The Motion, however, did not raise this issue. Nor did
Plaintiff's counsel raise this issue with Defendants' counsel orally or in writing after service of
the Motion. Instead, this issued was raised for the first time at the May 24th hearing.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

536314v1

3.     At the hearing, Defendants' counsel represented that they believed that taxes were withheld from all prior distributions of income made to Plaintiff. In fact, Cheekie withheld such taxes for several years without objection from Plaintiff.

4.     Based upon the oral arguments, the parties entered into an agreed order whereby Defendants agreed to (1) issue a check to Point One for $486,464.58 by 5:00 p.m. that same day; and (2) deposit $298,484.82 into the registry of the Court. A copy of the Agreed Order is attached hereto as Exhibit "1."

5.     The amount agreed to be deposited into the registry of the Court was understood to be the difference between the entirety of Plaintiff's 30% interest in the investment income received by Cheekie on April 30, 2007, and the $486,464.58 to be paid to Plaintiff pursuant to the Agreed Order.

6.     At the time the parties entered into the Agreed Order, neither counsel for Plaintiff nor counsel for Defendants knew that Defendants had already mailed the withholding taxes to the U.S. Treasury.

7.     The check representing Plaintiff's withheld taxes totaled $208,484.82 and was mailed to the U.S. Treasure on or about May 14, 2007. A copy of the withholding check is attached hereto as Exhibit "2."

8.     As result, the difference still held by Defendants -- $90,000 – represents Plaintiff's contribution to a litigation reserve and management compensation, which was approved by a majority interest of Cheekie's members. Nevertheless, Defendants are prepared to pay this amount into the registry of the Court.

- 2 -

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

536314v1

9.     Defendants' withholding of taxes from Point One and its subsequent payment of same to the U.S. Treasury were required under law.   Further, Plaintiff never objected when Defendants withheld taxes for prior income distributions.

10.     Therefore, this Court should reconsider or clarify the Agreed Order to the extent that the amount paid by Defendants into the registry of the Court totals $90,000.

WHEREFORE, Defendants respectfully request that this Court reconsider or clarify the Agreed Order such that the amount to be paid by Defendants into the registry of the Court totals $90,000 and not $298,484.82, and grant all such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. Mail this 25th day of May, 2007 on Alan K. Fertel, Esq., Ferrell Law, P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone:  (305) 358-5171
Facsimile:  (305) 358-7470

By:_____
     Sergio E. Pagliery
     Fla. Bar No.:  931330
     Evan Roberts
     Fla. Bar No. 157790

- 3 -

536314v1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO: 07-13937 CA 13

Point One, LLC

Plaintiff(s),

vs.

Cheekie Investments, LLC
SERGIO A. PAGLIERY Defendant(s).

Agreed

~~ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S~~

THIS CAUSE having come on to be heard on Plaintiff's Motion for Appointment of Receiver or in the Lesser Alternative to Place Money Received by Cheekie in Court Registry ~~on Plaintiff's/Defendant's Motion~~ and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

it is hereby agreed by the parties as follows:
(1) $486,464.58 shall be paid to Point One by 5 p.m. today (May 24, 2007);
(2) the sum of $298,484.82 shall be deposited in the registry of the court.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 24th day of
May, 2007.

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. May 24 AD 20
HARVEY RUVIN, Clerk of Circuit and County Courts

Deputy Clerk

Copies furnished to: Counsel of Record

CIRCUIT COURT JUDGE

Pedro Echarte, Jr.
Circuit Court Judge

117.01-554 1/03

EXHIBIT

EIN 03-0459487

**CHEEKIE INVESTMENTS LLC**
8400 SW 2ND ST
MIAMI, FL 33144-2006

520

63-215/631

May 11, 2007

Date

Pay to the order of ___ U.S. Treasury ___ .illed States Treasury ___ $ 208,484.82

Two Hundred Eight Thousand Four Hundred Eighty Four 00/82 Dollars

**Money Market Account**

**SunTrust**   ACH RT 061000104

For _Poivr Due LLC 5G-3762899_
_2nd Qtr 2007 (042S_

⑆063102152⑆ ⑈000079239 2 2⑈  0520                        ⑈00 2084848 2⑈


EXHIBIT

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

POINT ONE, LLC,

 Plaintiff,

vs.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC

 Defendant.

_____/

CASE NO.: 07-13937 CA 13

**NOTICE OF HEARING**

 **YOU WILL PLEASE TAKE NOTICE** that the undersigned counsel will call up for hearing before the Honorable Pedro E. Echarte, one of the Judges of the above-styled Court, at the Miami-Dade County Courthouse, 73 West Flagler Street, Room 505, Miami, Florida, 33130, on ___MAY 2 4 2007___ @ 10:00 Am _____ or as soon thereafter as can be heard, the following:

**POINT ONE, LLC'S VERIFIED EMERGENCY MOTION TO APPOINT RECEIVER
OR IN THE LESSER ALTERNATIVE TO PLACE MONEY RECEIVED BY
CHEEKIE INVESTMENTS, LLC, IN THE COURT REGISTRY**

    FERRELL LAW, P.A.
    *Attorneys for Point One, LLC*
    201 South Biscayne Boulevard
    34th Floor
    Miami, FL 33131
    (305) 371-8585

By: _____
    Alan K. Fertel
    Florida Bar No. 435066

NO.: 05-08314 CA 23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this _____ day of May, 2007 upon Christopher King, Esq., Homer & Bonner, 1441 Brickell Avenue, Suite 1200, Miami, FL 33131, Ralph W. Symons, Esq., Ralph W. Symons, P.A., 2575 South Bayshore Drive, Suite 3A, Miami, FL 33133 and Evan Roberts, Esquire and Sergio E. Pagliery, Esquire, Shook, Hardy & Bacon LLP, 201 South Biscayne Boulevard, Suite 2400, Miami, FL 33131.

By: _____

Alan K. Fertel

2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 07 13937 CA 13

POINT ONE, LLC,

      Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO A. PAGLIERY, individually
and as Manager of Cheekie Investments, LLC,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DEPOSIT FUNDS INTO COURT REGISTRY

    Defendants, Cheekie Investments, LLC ("Cheekie") and Sergio A. Pagliery ("Pagliery"),

by and through their undersigned counsel and pursuant to Fla.R.Civ.P. 1.600, hereby move the

Court to direct the deposit of $486,464.58 into the registry of the Court, and in support hereof

state as follows:

    1.     Cheekie is a Florida limited liability company.   Pagliery is the manager of

Cheekie.

    2.     Plaintiff, Point One, LLC ("Point One"), is a member of Cheekie and holds a 30%

interest.

    3.     On April 30, 2007, Cheekie received a check for $2,616,498.01, which are the

proceeds from the partial liquidation of a successful investment arranged by Pagliery as the

manager of Cheekie.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

535635v1

4.     On May 10, 2007, Point One filed a complaint against Cheekie and Pagliery and also filed a Verified Emergency Motion to Appoint Receiver or in the Lesser Alternative to Place Money Received by Cheekie Investments, LLC, in the Court Registry.

5.     Florida Rule of Civil Procedure 1.600 states in pertinent part:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money . . . a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of Court.

6.     Because Point One is considered to be a foreign entity as it is based in the U.S. Virgin Islands, by law, Cheekie must withhold and report a specified percentage of its distribution.   Cheekie has calculated that the net amount of Point One's distribution is $486,464.48. A copy of the check is attached as Exhibit "1."

7.     Point One has not only sought relief regarding the disposition of a sum of money, but has specifically requested that such funds be deposited into the registry of the Court.

8.     Cheekie and Pagliery seek an order permitting a deposit of $486,464.48 into the registry of the Court.

WHEREFORE, Cheekie and Pagliery respectfully request that this Court enter an order permitting the deposit of the referenced funds into the registry of the Court

- 2 -

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

535635v1

CASE NO.: 07 13937 CA 13
Defendants' Motion to Deposit
Funds Into Court Registry

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via

hand-delivery and U.S. mail this 18th day of May, 2007 on Alan K. Fertel, Esq., Ferrell Law,

P.A., 201 S. Biscayne Blvd., 34th Floor, Miami, Florida 33131.

SHOOK, HARDY & BACON LLP
Counsel for Defendants
Miami Center – Suite 2400
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

By:_____
    Sergio E. Pagliery
    Fla. Bar No.: 931330
    Evan Roberts
    Fla. Bar No. 157790

535635v1

**CHEEKIE INVESTMENTS LLC**
8400 SW 2ND ST
MIAMI, FL 33144-2006

521

63-215/631

May 11, 2007

Date

Pay to the
order of _____ Clerk of the Circuit Court—Court Registry | $ | 486,464.58

Four Hundred Eighty Six Thousand Four Hundred Sixty Four 00/58

Dollars

Security
Features
Details on
Back

**Money Market Account**

**SUNTRUST**   ACH RT 061000104

For  POINT  ONE  V  Cheekie
07-13937  C413

⑆063102152⑆ 1000007923922⑈ 0521

MP



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

POINT ONE, LLC,

GENERAL JURISDICTION DIVISION

    Plaintiff,

CASE NO.: **07-13937 CA 13**

vs.

*CIVIL ACTION SUMMONS*

CHEEKIE INVESTMENTS, LLC, and
SERGIO PAGLIERY, individually and as
Manager of Cheekie Investments, LLC

    Defendant.

_____

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the
Complaint on Defendant:

        **COMPANY MANAGEMENT SEVICES, LLC**
        **8788 S.W. 8th Street, Miami, Florida  33174**

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's
attorney, to-wit:

        **ALAN K. FERTEL, Esq.**
        FERRELL LAW, P.A.
      201 South Biscayne Blvd., 34th Floor
          Miami, FL 33131
       Telephone:  (305) 371-8585

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against
that Defendant for the relief demanded in the Complaint.

    DATED on _____**MAY 1 0 2007**_____, 2007.

                     HARVEY RUVIN
                     as Clerk of said Court

                     By: _____
                     As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado, inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia d su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse exrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entended votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis uleterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:   07-13937 CA 13

Point One, LLC

**Plaintiff(s),**

Agreed

vs.

Cheekie Investments, LLC
SERGIO A. PAGLIERY, and **Defendant(s).**

**ORDER**

~~GRANTING/DENYING~~
~~PLAINTIFF'S/DEFENDANT'S.~~

COPY

**THIS CAUSE** having come on to be heard on Plaintiff's Motion for
~~on Plaintiff's/Defendant's Motion~~ Appointment of Receiver or in the Lesser Alternative
to Place Money Received by Cheekie in Court Registry
and the Court having heard argument of counsel, and being otherwise advised in the premises, it is
hereupon

**ORDERED AND ADJUDGED** that said Motion be, and the same is hereby
it is hereby agreed by the parties as follows:
(1) $486,464.58 shall be paid to Point One by
5 p.m. today (May 24, 2007);
(2) the sum of $298,484.82 shall be deposited
in the registry of the court.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this 24th day of
May , 2007

_____
**CIRCUIT COURT JUDGE**

Pedro Echarte, Jr.
Circuit Court Judge

Copies furnished to:  Counsel of Record

117.01-554  1/03

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

POINT ONE, LLC,

GENERAL JURISDICTION DIVISION

     Plaintiff,

CASE NO.:

vs.

*CIVIL ACTION SUMMONS*

CHEEKIE INVESTMENTS, LLC, and
SERGIO PAGLIERY, individually and as
Manager of Cheekie Investments, LLC

     Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint on Defendant:

**SERGIO A. PAGLIERY**
**8788 S.W. 8th Street, Miami, Florida 33174**

     Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to-wit:

**ALAN K. FERTEL, Esq.**
FERRELL LAW, P.A.
201 South Biscayne Blvd., 34th Floor
Miami, FL 33131
Telephone: (305) 371-8585

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED **MAY 1 0 2007** _____, 2007.

HARVEY RUVIN
as Clerk of said Court

By: _____
As Deputy Clerk

{00217156.DOC;1}

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado, inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia d su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse exrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entended votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis uleterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

{00217156.DOC;1}

## AFFIDAVIT OF SERVICE

State of Florida        **County of Miami-Dade**        Circuit Court

Case Number: 07-13937 CA 13

Plaintiff:
**Point One, LLC,**
vs.
Defendant:
**Cheekie Investments, LLC, and Sergio Pagliery, individually and as Manager of Cheekie Investments, LLC,**

For:
Alan K. Fertel, Esq.
FERRELL LAW, P.A.
201 South Biscayne Blvd.
34th Floor
Miami, FL 33131

Received by CIVIL PROCESS, LLC. on the 10th day of May, 2007 at 5:00 pm to be served on **SERGIO A. PAGLIERY, 8400 SW 2 STREET, MIAMI, FLORIDA.**

I, Raul Zayas, being duly sworn, depose and say that on the **11th day of May, 2007** at **10:00 am, I:**

**INDIVIDUALLY SERVED the within named person with a true copy of Civil Action Summons and Complaint, with Exhibits** with the date and hour endorsed thereon by me and informed him/her of the contents therein.

Additional Information pertaining to this Service:
Service was also attempted at 8788 S.W. 8th Street, Miami, Florida

I do hereby certify that I am a Certified Process Server in and for the 11th Judicial Circuit in good standing and I am disinterested in the process served.

Raul Zayas
CERTIFIED PROCESS SERVER #720

Subscribed and Sworn to before me on the 16th day
of May, 2007 by the affiant who is personally known to
me.

NOTARY PUBLIC

**CIVIL PROCESS, LLC.**
1501 N.W. 29 Street
Miami, FL 33142
(305) 375-9111

Our Job Serial Number: 2007001967