# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-21719-CIV-KING/GARBER

POINT ONE, LLC,

        Plaintiff,

v.

CHEEKIE INVESTMENTS, LLC,
and SERGIO PAGLIERY, individually
and as Manager of Cheekie Investments,
LLC,

        Defendants.

_____/

## ORDER DENYING POINT ONE, LLC'S MOTION FOR ATTORNEYS' FEES

THIS CAUSE is before the Court upon Plaintiff's ("Point One") Motion for Attorneys' Fees

(D.E. #4), pursuant to an Order of Reference from the Honorable James Lawrence King, United

States District Judge.  For the reasons set forth below, the Court DENIES Plaintiff's Motion.

## BACKGROUND

Defendant Cheekie Investments, LLC ("Cheekie"), is a Florida limited liability corporation

which Defendant Sergio Pagliery ("Pagliery") formed for, at least in part, the purpose of investing

in Oceania Cruise Lines.[1]  *See, e.g.*, Compl.[2] ¶¶ 7-8, 10; Defendants' Notice of Removal (D.E. #1),

---

[1]  Plaintiff alleges that Cheekie was "organized for the sole purpose of investing in
Oceania Cruise Lines . . . ."  Compl. ¶ 10.  For purposes of the pending Motion, the Court does
not need to determine whether that was the *sole* purpose of Cheekie, or instead whether Cheekie
was also organized for other purposes.

[2]  The state-court Complaint is attached as an exhibit to Defendants' Notice of Removal
(D.E. #1).

at 2 ¶ 3.  Plaintiff Point One is a member of, and investor in, Cheekie; and although the precise amount of Point One's investment in Cheekie is irrelevant to the pending Motion, Plaintiff alleges that the investment was $75,000, for which Plaintiff received a 30% interest in Cheekie.  *See* Compl. ¶ 9; Defendants' Notice of Removal, at 2 ¶ 2.  Cheekie made a successful investment in Oceania Cruises, and as a result of that investment, in late April of 2007, Cheekie received from Oceania Cruise Lines $2,616,498.01.  *See* Compl., at 3 ¶ 12; Defendants' Notice of Removal, at 2 ¶ 3.

Defendants contend that the payment from Oceania was by check and that the check did not clear until May 10, 2007.  *See* Defendants' Notice of Removal, at 2 ¶ 3.  On that same date, May 10, 2007, Point One filed against Defendants a two-count Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Essentially, Point One contended that Defendants had not paid Point One its portion of the $2,616,498.01 that Cheekie had received from Oceania Cruise Lines.  Point One asserts that because it owned a 30% interest in Cheekie, Cheekie should have distributed to it $784,949.40 (*i.e.*, 30% of the $2,616,498.01 that Cheekie had received from Oceania Cruise Lines).  *See* Point One's Motion to Remand (D.E. #3), at 4.

Point One's state-court Complaint was comprised of claims for: (1) "Receivership," in which Point One asked the state court to "appoint a Receiver to manage the day-to-day affairs of Cheekie . . . ," Compl. ¶ 22, and "to take whatever action is necessary to preserve the company's assets, carry on the business of Cheekie until a full hearing can be held to determine the distribution of Cheekie's assets to its members . . . . ," *id.* at 6; and (2) breach of contract, in which Point One sought immediate distribution of its share of the $2,616,498.01 that Cheekie had received from Oceania Cruise Lines, *see id.* at 6-7.

According to Defendants, they filed a motion to dismiss in state court on the grounds that: (1) the Court should dismiss Count I, "Receivership," "because the appointment of a receiver is a

remedy and not a cause of action," Defendants' Notice of Removal (D.E. #1), at 3 ¶ 5; and (2) the Court should dismiss Count II, Plaintiffs' breach of contract claim, because the parties' agreement "did not require Cheekie to distribute any of the proceeds from the Oceania investment until July 30, 2007 . . . ," *id.*, *i.e.*, approximately eighty-one days after Point One filed its Complaint.

As Judge King wrote in his Final Order of Remand and neither party has disputed, the Complaint itself did not suggest the existence of any federal question which would have supported removal of this action to this Court.  *See, e.g.*, Final Order of Remand (D.E. #13), at 2-3; 28 U.S.C. §§ 1331, 1441; *Palmer v. Local 8285 United Steel Workers of Am.*, 234 Fed. Appx. 884, 887 (11th Cir. 2007); *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) ("In determining whether federal jurisdiction exists, we apply the well-pleaded complaint rule, which requires that we look to the face of the complaint rather than to defenses, for the existence of a federal question. . . . [G]enerally a case may not be removed on the basis of a federal defense . . . .") (citations omitted).

Additionally, neither party has argued, let alone directed the Court to any evidence that could support a finding, that this Court has jurisdiction based on diversity of citizenship and amount in controversy.  *See, e.g.*, 28 U.S.C. §§ 1332, 1441; *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Citizenship for diversity purposes is determined at the time the suit is filed."). Questions regarding jurisdiction based on diversity of citizenship therefore are irrelevant to the pending Motion.[3]

_____

[3]  Neither the Complaint nor any subsequently-filed document support the conclusion that jurisdiction was or could be premised on diversity of citizenship and amount in controversy.  It is apparently undisputed that both corporate parties were incorporated in Florida; that at the time Point One commenced this action, both corporate parties had their principal places of business in Florida; and that at the time Point One commenced this action, the individual Defendant was a citizen of Florida.  *See, e.g.*, 28 U.S.C. § 1332 (a) (discussing "citizenship" for purposes of determining whether diversity jurisdiction exists); 28 U.S.C. § 1332 (c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it

The parties' dispute regarding this Court's jurisdiction (which Judge King resolved when he concluded that this Court lacked subject matter jurisdiction and remanded the action) and their dispute regarding Plaintiff's entitlement to attorneys' fees (which is the subject of this Order) is based on a June 13, 2007, Motion for Contempt which Plaintiff filed in state court.  In Defendants' Notice of Removal, they asserted that Plaintiff, in the June 13, 2007, Motion for Contempt, had raised for the first time a federal question (regarding withholding of federal taxes) over which this Court has original jurisdiction and which therefore allowed Plaintiff thirty days from the date of receiving that Motion in which to remove the action.  *See* D.E. #1, at 2-9; 28 U.S.C. § 1446(b).

On July 5, 2007, therefore, Defendants, on the basis of 28 U.S.C. § 1446(b), removed this action to this Court because less than thirty days had passed since they had received the June 13, 2007, Motion for Contempt, despite the fact that more than fifty days had passed since Plaintiff commenced this action in state court.  Section 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b); *see* D.E. #1.  As Judge King later explained in his Final Order of Remand:

---

has its principal place of business"); *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, *which requires complete diversity of citizenship*.") (emphasis added); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. . . . Citizenship for diversity purposes is determined at the time the suit is filed."); *cf., e.g.*, *Palmer v. Local 8285 United Steel Workers of Am.*, 234 Fed. Appx. 884, 887 (11th Cir. 2007) ("In determining whether a district court has subject matter jurisdiction, we must look to the facts as they existed at the time the action was filed. . . .  For purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal.").

4

> In the Notice of Removal, Defendants[] assert that Plaintiff's June 13, 2007 Motion
> for Contempt, in which Plaintiff alleges Defendants[] improperly withheld taxes from
> Plaintiff, represents a reformulation of Plaintiff's argument for the appointment of
> a receiver, requires an interpretation of federal tax law, and therefore justifies
> removal of the above-styled action to this Court.

D.E. #13, at 2.

Point One filed a Motion for Remand, D.E. #3, and on August 27, 2007, Judge King granted

that Motion and remanded this action to state court.  Judge King held:

> Upon the Court's review of [the] record in the above-styled action, it appears there
> is no federal question at issue in Plaintiff's Complaint that would justify the removal
> of the action to this Court.  Plaintiff's cause of action is a straightforward claim for
> damages arising out of Florida contract law, and this Court does not have the
> authority to hear Plaintiff's claims.  In addition, even if the federal tax withholding
> issue constituted a federal question which would justify removal, Defendants were
> aware that money was withheld for federal taxes from the inception of this case, yet
> filed the Notice of Removal nearly two months after Plaintiff filed [the] Complaint
> when such removal was required to be filed no more than 30 days later.  As a result,
> the court find that the above-styled action shall be remanded to state court.

D.E. #13, at 2-3.

On August 30, 2007, Judge King entered an Order granting Plaintiff's Motion to Amend

Order of Remand in which he explicitly reserved jurisdiction to rule on Plaintiff's Motion for

Attorneys' Fees, a motion which Plaintiff had filed on the same day it filed its Motion to Remand.

*See* D.E. ##3 (Motion to Remand), 4 (Motion for Attorneys' Fees), 13 (Final Order of Remand), 15

(Motion to Amend Final Order of Remand to Reserve Jurisdiction to Decide Motion for Attorneys'

Fees), 16 (Order Granting Motion to Amend Order of Remand).

## DISCUSSION

Point One asks the Court to award it $26,792.50 in attorneys' fees that it allegedly incurred

as a result of Defendants' removal, and the Court's subsequent remand, of this action.  *See* D.E. #4,

at 3.  Point One explicitly wrote that it "is not seeking any costs other than its attorneys' fees."  *Id.*

5

at 3 n.1.  Point One seeks those fees pursuant to 28 U.S.C. § 1447(c), which provides:  "An order

remanding the case may require payment of just costs and any actual expenses, including attorney

fees, incurred as a result of the removal."[4]

---

[4]  Although § 1447(c), the statute on which Point One's Motion for Attorneys' Fees is based, explicitly only allows an award of fees as part of an order of remand and Judge King did not award fees in his Order remanding this action, the majority of courts that have considered similar scenarios, apparently including all federal appellate courts which have considered the issue and also including at least three Judges of this Court in 2006 and 2007 Orders, have concluded that such fees may be awarded based on a motion filed after a case has been remanded.  *See, e.g.*, *Bryan v. Britt*, 420 F.3d 161, 166 (2d Cir. 2005); *Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 256 (6th Cir.1997); *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1257-58 (3d Cir.1996); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir.1992); *Seraphin v. Parapella*, No. 07-60155-Civ, 2007 WL 2581732, at *1 (S.D. Fla. Sept. 4, 2007) (J. Marra); *Love v. No. Tool & Equip. Co., Inc.*, No. 07-22266, 2007 WL 2565454, at *1 (S.D. Fla. Aug. 31, 2007) (J. Cooke); *Int'l Food Packers Corp. v. Sampco, Inc.*, No. 07-21451-Civ, 2007 WL 2021956, at *2 (S.D. Fla. July 11, 2007) (J. Cooke); *Seraphin v. Parapella*, 489 F. Supp. 2d 1354, 1358 (S.D. Fla. May 1, 2007) (J. Marra); *Gonzalez v. J.C. Penny Corp., Inc.*, No. 05-22254, 2006 WL 4390889, at *2-*3 (S.D. Fla. Apr. 7, 2006) (J. Altonaga), *aff'd*, 209 Fed. Appx. 867 (11th Cir. Oct. 20, 2006); *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1259 (M.D. Ala. 2001).; *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F. Supp. 2d 1334 (S.D. Fla. 1998) (J. Gold).  *But see United Broadcasting Corp. v. Miami Tele-Communications, Inc.*, 140 F.R.D. 12, 14 (S.D. Fla. 1991) (J. Ryskamp, adopting Report and Recommendation of Mag. J. Brown) ("This court is of the opinion that the plain language of the statute controls and clearly provides that if the court is going to award costs and expenses, including attorneys' fees pursuant to 28 U.S.C. § 1447(c), it must be taken care of in the order of remand.").

Although, as discussed *infra*, Eleventh Circuit (and many other Circuit's) law regarding § 1447(c) fee awards has been altered since the Supreme Court issued its December, 2005, opinion in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005), this Court has found nothing in *Martin* or its progeny which alters the conclusion that this Court retains jurisdiction to award § 1447(c) fees *after* the Court has remanded the action; and that conclusion is strengthened by the fact that at least three Judges on this Court have reached that conclusion in the wake of *Martin*.  *See Seraphin v. Parapella*, No. 07-60155-Civ, 2007 WL 2581732, at *1 (S.D. Fla. Sept. 4, 2007) (J. Marra); *Love v. No. Tool & Equip. Co., Inc.*, No. 07-22266, 2007 WL 2565454, at *1 (S.D. Fla. Aug. 31, 2007) (J. Cooke); *Int'l Food Packers Corp. v. Sampco, Inc.*, No. 07-21451-Civ, 2007 WL 2021956, at *2 (S.D. Fla. July 11, 2007) (J. Cooke); *Seraphin v. Parapella*, 489 F. Supp. 2d 1354, 1358 (S.D. Fla. May 1, 2007) (J. Marra); *Gonzalez v. J.C. Penny Corp., Inc.*, No. 05-22254, 2006 WL 4390889, at *2-*3 (S.D. Fla. Apr. 7, 2006) (J. Altonaga), *aff'd*, 209 Fed. Appx. 867 (11th Cir. Oct. 20, 2006).

The Court also notes that Point One was not dilatory in filing its Motion for Attorneys'

Before December 7, 2005, there was a split of authority among the United States Courts of Appeals "concerning when attorneys' fees should be awarded under [28 U.S.C.] § 1447(c)." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005).  On that date, the Supreme Court, in *Martin v. Franklin Capital Corp.*, resolved and gave guidance regarding several aspects of that dispute.

Both before and after *Martin*, it was clear that district courts have discretion whether to award attorneys' fees pursuant to § 1447(c).  *See, e.g., Martin*, 546 U.S. at 136-37, 126 S. Ct. at 708-09; *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006); *Legg v. Wyatt*, 428 F.3d 1317, 1320 (11th Cir. 2005).  Questions existed, however, regarding the degree of discretion district courts had in such situations, with some federal appellate courts concluding, for example, that district courts should only award fees when the removing party lacked objectively reasonable grounds to believe removal was proper, and other federal appellate courts concluding, for example, that when a defendant improperly removes an action, the plaintiff or plaintiffs are *presumptively* entitled to § 1447(c) fees.  *See Martin*, 546 U.S. at 136, 126 S. Ct. at 708.

In *Martin*, the Supreme Court largely resolved those disputes when it: **(1)** "h[e]ld that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for seeking  removal." *Id.*, 126 S. Ct. at 708; *see also, e.g., id.* at 141,

---

Fees; instead, it did so on the same date it filed its Motion to Remand, *see* D.E. ##3, 4, and as this Court discussed *supra*, Judge King entered an Order in which he explicitly retained jurisdiction to determine whether the Court should award Point One its attorney's fee, *see* D.E. #16.

 Also, Defendants do not contend that the Court lacks jurisdiction to consider the Motion for Attorneys' Fees based on the fact that the Court did not include an attorneys' fee award in the Final Order of Remand or the Order Granting Motion to Amend Order of Remand, although if there were a realistic possibility that the Court lacked jurisdiction to do so, then of course this Court would have the duty to *sua sponte* consider that issue.  *See, e.g., Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

126 S. Ct. at 711 ("[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeding removal."); *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) ("Recently, the Supreme Court enunciated a standard to guide the district courts in deciding whether to award fees when remanding a case to state court because of improper removal. . . .  The Court held that '[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'"); and **(2)** held that "[c]onversely, when an objectively reasonable basis [for seeking removal] exists, fees should be denied." *Martin*, 546 U.S. at 141, 126 S. Ct. at 711; *Bauknight*, 446 F.3d at 1329.[5]

Point One contends that the Court should award it attorneys' fees because:  **(1)** Point One's claims are only state-law claims, none of which support removal on the basis of federal question jurisdiction, *see* D.E. #4, at 3; **(2)** "the federal tax withholding issue that Defendants claim supports federal question jurisdiction is merely a defense to Point One's state law claims and as a matter of law, cannot support removal . . . ," *Id.* at 1; **(3)** "even if that federal tax issue was part of Point One's claims, it is only a collateral issue and is [an] insufficient basis for federal jurisdiction . . . ," *id.*; **(4)**

_____

[5]  The Eleventh Circuit and other Circuits are still defining the precise contours of *Martin* and its effect on Circuit precedent.  Of course, as the Eleventh Circuit has explicitly recognized, "[t]he standard enunciated in *Martin* supercedes prior decisions of the Eleventh Circuit in so far as they conflict with *Martin*." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 n.1 (11th Cir. 2006).

However, in light of both *Martin* and *Powerex Corp. v. Reliant Energy Servs., Inc.*, --- U.S. ----, 127 S. Ct. 2411 (June 18, 2007), another recent Supreme Court decision which altered at least some portions of Eleventh Circuit precedent regarding 28 U.S.C. § 1447(c), the Eleventh Circuit continues to re-visit pre-*Martin* precedent regarding 28 U.S.C. § 1447(c).  *See, e.g.*, *Alvarez v. Uniroyal Tire Co.*, --- F.3d ----, ----, 2007 WL 4146718, at *-, No. 07-12191 (11th Cir. Nov. 21, 2007).

"Defendants knew about this federal tax issue from the inception of the case, and because they filed their Notice of Removal more than thirty days later, that notice is procedurally defective . . . ," *id.*; and **(5)** "Defendants affirmatively litigated this case in state court, even after the[y] allegedly learned for the first time of the federal tax issue, and that conduct amounts to a waiver of Defendants' right to remove this cause." *Id.* at 2.  As this Court will discuss *infra* in relation to Point One's Reply, Point One also relies on *Devine v. Prison Health Serv., Inc.*, 212 Fed. Appx. 890 (11th Cir. 2006), in support of its request for attorneys' fees.

Defendants respond that:  **(1)** courts look to the substance of a document over its form, and Point One, in the document it labeled a  "Motion for Contempt," "did not even make the pretense of seeking to enforce a court order" but instead "raise[d] for the first time in this litigation direct allegations of federal tax law violations, and asked the court to award damages from Defendants for such violations . . . ," D.E. #12, at 2; **(2)** related to the "substance over form" argument discussed *supra*, "another court has considered a motion for contempt as a petition for damages and sustained the removal of that case to federal court . . . ," *id.* (citing *In re Interdiction of Wright*, No. Civ. A 06-356, 2006 WL 508050, at *3 (E.D. La. Feb. 22, 2006)); **(3)** "[t]he issue of federal withholding taxes is clearly irrelevant to" Point One's state-law "claims for breach of contract and for the appointment of a receiver . . . ," *id.*; and **(4)** Defendants' "mention of withholding taxes in the Deposit Motion cannot be construed as answering, denying, or opposing Plaintiff's state law claims . . . ," but instead "Defendants' reference to withholding taxes in the Deposit Motion was a passing, explanatory reference and not a defense." *Id.* at 2-3.

In Point One's Reply, Point One relies on three general arguments in further support of its request for fees incurred as a result of Defendants' removal:  **(1)** Judge King, after Point One filed its Motion for Attorneys' Fees but before it filed its Reply, granted Point One's Motion to Remand

because he concluded that there is no federal question at issue in Point One's Complaint; Plaintiff's

cause of action is a straightforward one arising out of Florida contract law which this Court lacks

authority to hear; and Defendants were aware that money was withheld for federal taxes from the

inception of the case but did not remove the action until almost two months later, so the removal was

untimely, *see* D.E. #17, at 1-2; **(2)** essentially elaborating on Judge King's latter basis for remand

discussed in the preceding section of this paragraph, Point One contends that "Defendants knew

about the federal tax issue from the beginning of the case" but "did not remove the case until a few

days before the scheduled hearing on Point One's Motion for Contempt . . . ," and "[i]t is plain that

Defendants made an intentional tactical decision to remove this case to prevent the state court from

deciding Point One's Motion for Contempt . . . ," *id.* at 2; and **(3)** in *Devine v. Prison Health Serv.,*

*Inc.*, 212 Fed. Appx. 890 (11th Cir. 2006), "[t]he Eleventh Circuit . . . recently affirmed an award

of attorney's fees under similar circumstances."  D.E. #17, at 2.  Point One elaborates on what it

believes are the relevant portions of *Devine* as follows:

> In *Devine*, though federal jurisdiction did not appear on the face of the complaint, the
> defendant removed the case, arguing that it mentioned the words 'federal' and
> 'overtime.' . . .  The plaintiff immediately amended her complaint by removing the
> word 'federal' and sought remand. . . .  The district court remanded the cause and
> awarded attorney's fees for the improper removal. . . .  The Eleventh Circuit affirmed
> that award, finding no abuse of discretion in the district court's "conclu[sion] that
> [defendant] failed to demonstrate any objectively reasonable basis for federal
> jurisdiction in its removal petition or arguments in support thereof." [212 Fed. Appx.
> 890, 893].  Likewise, an award of attorneys' fees is warranted in this case.

D.E. #17, at 2.

In Point One's Reply, Point One did not discuss *In re Interdiction of Wright*, No. Civ. A 06-

356, 2006 WL 508050, at *3 (E.D. La. Feb. 22, 2006), which Defendants relied on in their Response,

and Point One did not address Defendants' argument based on that decision.

As a preliminary matter, Point One is not entitled to, and does not argue that it is entitled to, fees solely because Judge King remanded this action. *See, e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-39, 126 S. Ct. 704, 708-10 (2005); *Devine v. Prison Health Serv., Inc.*, 212 Fed. Appx. 890, 892 (11th Cir. 2006); *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

In fact, the Supreme Court in *Martin* "explicitly reject[ed] the notion that [28 U.S.C. § 1447(c)] created a presumption in favor of awarding fees." *Bauknight*, 446 F.3d at 1329; *see also, e.g.*, *Martin*, 546 U.S. at 137-38, 126 S. Ct. at 709-10; *Devine*, 212 Fed. Appx. at 892 ("In *Martin*, the Court held that there is no presumption in favor of the award of fees and costs upon the grant of remand for improvident removal.").

Contrary to Point One's assertion, in *Devine v. Prison Health Serv., Inc.*, 212 Fed. Appx. 890 (11th Cir. 2006), the Eleventh Circuit did not "affirm[] an award of attorney's fees under similar circumstances" to this action. D.E. #17, at 2. In the portion of Point One's Reply which the Court quoted *supra*, Point One appears to have accurately represented the essential facts in *Devine*, but those facts only highlight the differences between that action and this one. Apart from the fact that the District Courts in both *Devine* and this action remanded the cases to state courts, the only other significantly similar, relevant fact is that in both *Devine* and this action, Point One and the *Devine* plaintiff raised in their complaints claims which arose solely "under Florida statutes and Florida common law." 212 Fed. Appx. at 891.

Unlike this action, however, the *Devine* plaintiff included in her complaint - and the Eleventh Circuit's opinion does not clarify the exact location or context - the words "federal" and "overtime." *See* 212 Fed. Appx. at 891. The defendant removed the action based on the assertion that the plaintiff "invoked federal jurisdiction by mentioning the words 'federal' and 'overtime' in her

complaint." *Id.*  Two days after removal, the plaintiff amended her complaint to remove the word "federal" from it, but the defendant refused to agree to a remand.  *See id.*

The district court rejected the defendant's argument that federal question jurisdiction was apparent from the face of the complaint by virtue of the plaintiff's inclusion of the word "overtime" because nothing in the complaint suggested that the plaintiff had not been compensated for any "overtime" work of more than forty hours per week, and after rejecting that and other arguments, the district court remanded.  *See* 212 Fed. Appx. at 891-92.  The district court also awarded the plaintiff fees and costs pursuant to 28 U.S.C. § 1447(c), *see id.* at 892, and the Eleventh Circuit affirmed both the remand and the award of fees and costs because the defendant "had no objectively reasonable basis for removing th[e] action . . . ," *id.* at 893.

Contrary to the facts of *Devine*, this action does not involve the appearance of the word "federal" or "overtime" in the Complaint, and in fact the disputes concerning both whether removal was proper (which Judge King has already decided) and whether the Court should award Point One fees based on Defendants' removal does not involve any language in the Complaint.  The parties *agree*, and Judge King concluded, that nothing in the Complaint suggests the existence of a federal question.

Instead, the Court must determine whether the June 13, 2007, Motion for Contempt provided Defendants with  "an objectively reasonable basis for seeking  removal . . . ."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005).  If that Motion for Contempt did provide Defendants with an objectively reasonable basis for seeking removal, then even though that reasonable basis ultimately did not support removal based on Judge King's Order remanding this action, then the Court "should not" award attorneys' fees to Point One.  *See id.*, 126 S. Ct. at 708; *see also, e.g.*, *id.* at 141, 126 S. Ct. at 711 ("Conversely, when an objectively reasonable basis [for

12

seeking removal] exists, fees should be denied."); *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).  If, on the other hand, the Motion for Contempt did not provide Defendants with an objectively reasonable basis for seeking removal, then the Court may award Point One its attorneys' fees.  *See, e.g.*, *Martin*, 546 U.S. at 141, 126 S. Ct. at 711 ("[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeding removal."); *Bauknight*, 446 F.3d at 1329.

The Court agrees with Defendants that they had an objectively reasonable, albeit ultimately unsuccessful, basis for seeking removal, and the Court therefore will deny Point One's Motion for Attorneys' Fees pursuant to 28 U.S.C. § 1447(c).  Point One has not directed the Court to anything in the record which suggests that in this action at any time prior to June 13, 2007, when it filed its Motion for Contempt in state court, Point One raised the issue of federal taxes that Defendants allegedly improperly withheld from it.  Additionally, Point One also has not disputed or pointed to record evidence which would call into question that Point One was trying to recover those allegedly improperly withheld taxes by virtue of the Motion for Contempt, or at a minimum that it was objectively reasonable for Defendants to assume that that was at least one of Point One's purposes in filing the Motion for Contempt.

Even assuming that Defendants knew about Point One's contention that Defendants improperly withheld federal taxes from Point One more than thirty days prior to June 13, 2007, prior to that date nothing in the record, or at least nothing to which any party has directed the Court, suggests that Defendants knew that Point One would be seeking to recover those taxes *in this action*. To the contrary, and as Judge King explicitly found, Plaintiff's Complaint includes only state-law claims.  Just like any other Plaintiff, Point One could choose which potentially meritorious claims

13

it wanted to pursue and which claims it did not want to pursue, and it was at a minimum reasonable for Defendants to assume that prior to June 13, 2007, Point One was not seeking reimbursement in this action of the allegedly improperly withheld federal taxes.

Additionally, when considering *any* document which a party files, substance prevails over form, and therefore it was reasonable for Defendants to construe Point One's Motion for Contempt as a claim for damages which Point One had not requested in its Complaint or in other documents, or perhaps even as an attempt to amend the Complaint to add a claim for the withheld federal taxes. *Cf., e.g.*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. Nov. 1981) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."). The situation Defendants faced is similar to that which the defendant faced in *In re Interdiction of Wright*, No. Civ.A.06-356, 2006 WL 1207938, at *3-*4 (E.D. La. Feb. 22, 2006), a decision on which Defendants relied in their Response but which Point One did not address in its Reply. The *Wright* court held in pertinent part:

> The Plaintiff contends that the present motion for contempt is part of the December 23, 2003 petition for damages and, as such, cannot be removed because such removal is untimely under 28 U.S.C. § 1446(b). The Court once again finds that the Plaintiff's motion for contempt is a disguised petition for damages. In such instances, A.G. Edwards had thirty days to remove the action from the date of its filing. A.G. Edwards complied with these deadlines. Therefore, removal was proper.

*In re Interdiction of Wright*, 2006 WL 1207938, at *4. *Wright* provided further support for Defendants to reasonably believe that removal of this action to this Court was proper.

## **CONCLUSION**

Based upon the foregoing, it is ORDERED that Plaintiff's Motion for Attorneys' Fees (D.E.

#4) is DENIED.

DONE and ORDERED in Chambers, Miami, Florida this 28th day of November, 2007.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District Judge James Lawrence King
Counsel of record